STATE OF MISSOURI, Respondent, *v.* GEORGE BRUFFEY, Appellant.

### October 18, 1881.

Where an indictment charges burglary and larceny in one count, and the accused is convicted of the larceny and acquitted of the burglary; upon a new trial upon the same indictment he cannot be convicted of burglary.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J. *Affirmed* as to larceny ; *reversed* as to burglary.

F. D. TURNER, for the appellant.

JOSEPH R. HARRIS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant was indicted for burglary and larceny, both offences being charged in one count. Upon trial

before a jury he was convicted of the larceny, but acquitted as to the burglary. His motion for a new trial was sustained, and at a subsequent term he was again tried on the same indictment and found guilty of both the burglary and the larceny. It is assigned for error that the defendant could not lawfully be convicted of burglary in the second trial, after his acquittal of that offence in the first.

Burglary and larceny are two distinct, separate, and independent offences. The statute (Rev. Stats., sect. 1301) permits a prosecution for both in the same count, or in separate counts of the same indictment, but nowhere intimates that the two may be regarded as one offence. On the contrary, provision is made in the same section for a separate assessment of punishment for each of the two crimes. In *The State* v. *Alexander* (56 Mo. 131), the defendant was convicted of burglary and larceny in one proceeding. The supreme court affirmed the judgment as to the larceny, and reversed it as to the burglary.

If there had been two indictments, one for each of the crimes charged, and two separate trials, it will hardly be questioned that the granting of a new trial in one case would not reopen a verdict of acquittal in the other. Such an acquittal would be a perpetual bar, under Article II., section 23, of our state constitution : " Nor shall any person, after being once acquitted by a jury, be again, for the same offence, put in jeopardy of life or liberty." We are unable to see how the General Assembly can, by a statute regulating criminal procedures, deprive any citizen of a constitutional right. No such effect was intended, and none can follow from a law which simply provides for the trial of two offences charged under one indictment. The prosecution for burglary in this case, was ended forever by the verdict of not guilty.

It is claimed for the State that the familiar constitutional rule has been changed by a provision in the section above

referred to that, " if judgment be arrested after a verdict of guilty on a defective indictment, or if judgment on a verdict of guilty be reversed for error in law, nothing herein contained shall prevent a new trial of the prisoner on a proper indictment, or according to correct principles of law." This provision has no application whatever to the question before us. As to the " offence " touching which the defendant claims constitutional exemption from a second trial, there was no " verdict of guilty," and no arrest of judgment, or reversal of such verdict, for error of law, or otherwise. The constitutional exemption distinctly applies to the *offence*, and not merely to the procedure. There was a verdict of guilty as to the offence of larceny, and no doubt exists that the second trial upon that charge was proper, upon well-established principles. We are referred to *The State* v. *Simms* (71 Mo. 538). In that case it was held that where a conviction of murder in the second degree, on an indictment charging murder in the first degree, has been set aside, the defendant may, under the present constitution, be tried a second time for murder in the first degree. There the indictment charged but one offence: murder, including all the grades. The prisoner was found guilty of that offence, though in a degree inferior to the charge. The effect was very different from that of a conviction for a totally different offence, which the statute might have permitted to be tried by the same jury. No lawyer will say that larceny is a grade of burglary, or *vice versa*. We find nothing in the decision to disturb our conclusions in the present case. No error is shown in the conviction for larceny, and the judgment thereupon is affirmed. The judgment on the conviction for burglary is reversed. All the judges concur.