STATE EX REL. JOHN M. DALTON, Attorney General of Missouri, Relator, v. SAM C. BLAIR, Judge of the Fourteenth Judicial Circuit, Respondent, No. 45522—294 S. W. (2d) 1.

Court en Banc, October 16, 1956.

*John M. Dalton*, Attorney General, and *Russell S. Noblet*, Assistant Attorney General, for relator.

*James J. Rankin* for respondent.

1168

[2] WESTHUES, J.—This is a proceeding by certiorari to review a judgment entered in a habeas corpus case (No. 3412) in the Cole County Circuit Court.

The facts are: In February, 1947, Arthur Joseph Berne, entered a plea of guilty in the Circuit Court of Cole County, Missouri, to a charge of burglary second degree and larceny. The court assessed a punishment of four years for the burglary and three years for the larceny. The pertinent portion of the sentence reads as follows: "WHEREFORE, in consideration of the plea of guilty heretofore entered herein it is ordered, adjudged and decreed by the Court that the defendant be and is hereby sentenced to a term of four (4) years for burglary and three (3) years for larceny, said sentences to run consecutively, in the Missouri State Penitentiary * * *." Berne was taken to the penitentiary and began serving his time. He was taken from the penitentiary to St. Louis, Missouri, and in the Circuit Court there entered a plea of guilty to seven charges of burglary second degree. On April 28, 1947, he received a sentence of seven years on each charge. The seven sentences were to run concurrently. However, the court made the following order in each case which is the subject matter of this proceeding: "It is further ordered by the Court that this sentence commence at the expiration of sentence imposed in No. 3412, on the 13th day of February 1947, in the Circuit Court of Cole County, State of Missouri." Berne was then returned to the penitentiary. On August 29, 1952, he was released on parole. On February 4, 1954, his parole was revoked and he was returned to the penitentiary.

The records of the penitentiary show that Berne completed his Cole County sentence on May 13, 1952, and that his imprisonment under the St. Louis sentence began May 13, 1952, so that his release date would be January 17, 1959. The time Berne was out on parole was not considered as imprisonment.

On May 3, 1954, Berne filed a proceeding for a writ of habeas corpus in the Circuit Court of Cole County, Missouri, claiming that the order of the St. Louis Circuit Court, above set out, was ambiguous and indefinite because it used the word "sentence" in the singular instead of the plural word "sentences"; that because of this ambiguity the seven St. Louis sentences should run concurrently with the sentence imposed on him in Cole County.

On August 31, 1954, the Cole County Circuit Court denied the writ but held that the order of the St. Louis Circuit Court was ambiguous

and the court made an order that the St. Louis sentences should begin at the end of the four-year sentence imposed on Berne for the burglary in Cole County. Under that order Berne would be entitled to his release on October 17, 1956.

We call attention to the fact that the order of the Cole County Circuit Court [3] was made on August 31, 1954. The present certiorari proceeding was not filed until March 26, 1956, and the case was submitted on briefs in this court on October 2, 1956.

We see no ambiguity in the order made by the Circuit Court of the City of St. Louis. It is apparent that the word "sentence" as used in the order had reference to the punishment assessed against Berne in case No. 3412 in the Circuit Court of Cole County. Section 560.110, RSMo 1949, V.A.M.S., makes it mandatory in cases where a person who is found guilty of burglary is also found guilty of larceny in connection with the burglary that a punishment for the larceny shall be assessed in addition to the punishment for the burglary. There must be a separate time of imprisonment fixed for each offense and the court is powerless to order the imprisonment for the larceny to run concurrently with the time of imprisonment for burglary. State v. Huff, 352 Mo. 1161, 181 S.W.(2d) 513. The punishment assessed in burglary and larceny cases have been regarded and spoken of as one sentence. Note that this court in the case of State v. Breeden, 180 S.W.(2d) 684, l.c. 685, referred to a sentence of imprisonment in that case as "a judgment imposing a sentence of twenty-five years' imprisonment" for burglary and larceny. A jury had by a verdict assessed a punishment of twenty years for burglary and five years for larceny.

In the case before us, the Circuit Clerk of Cole County, Missouri, certifying to the correctness of the transcript of the record used the following language: "I * * * hereby certify the above and foregoing is a full, true and correct copy of the original *judgment* and *sentence* * * *." (Our emphasis) We rule that in a burglary and larceny case, such as the one before us, there is in fact but one case. The statute, Section 560.110, supra, so contemplates. It plainly says, "If any person in committing burglary shall also commit a larceny, he shall be prosecuted for both offenses in the same count or in separate counts of the same indictment, * * *." The effect of the statute is that a charge of burglary and larceny is but one case. The order of the St. Louis Circuit Court reads that the sentences there imposed on Berne "commence at the expiration of the sentence imposed in No. 3412, on the 13th day of February 1947, in the Circuit Court of Cole County, State of Missouri." That order can have no other meaning than that Berne was to begin serving the seven sentences he received in the Circuit Court of the City of St. Louis at the expiration of the imprisonment he received in case No. 3412 in the Cole County Circuit Court. In 24 C.J.S. 114, Sec. 1585, we find a rule applicable

to the present case. Note what is there said: "A sentence must be construed as any other judgment and the usual canons of construction should be applied. It must be reasonably construed in accordance with the intent of the trial court if the language discloses such intent clearly and without doubt or obscurity. The language should be given its ordinary meaning and should be construed to give effect to the intention of the judge who imposed it if possible." See also 15 Am. Jur. 123, Sec. 465.

We therefore rule that Berne's imprisonment under the sentences imposed on him in the Circuit Court of the City of St. Louis, Missouri, commenced at the expiration of the seven years he received in the Cole County Circuit Court in case No. 3412.

It is ordered that the order of the Cole County Circuit Court in the habeas corpus proceeding which is the subject matter of this case be and the same is hereby quashed. All concur.