STATE of Missouri, Respondent,

v.

Lee TAYLOR, Appellant.

No. 47764.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

Motion to Modify Opinion Sustained and Opinion Modified July 11, 1960.

Ronald J. Fuller, Rolla, for appellant.

John M. Dalton, Atty. Gen., William C. Blair, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

Ernie Campbell and Lee Taylor were jointly charged by an information with burglary in the second degree and larceny. The offenses were alleged to have been committed in Phelps County, Missouri, on the first day of August, 1957. The information further alleged that each defendant had previously been convicted of a felony and had been discharged after serving a sentence of imprisonment. A severance was granted and on a change of venue, the case was transferred to Maries County, Missouri. Lee Taylor was there tried and convicted by a jury of burglary and larceny in connection with the burglary. The jury, by verdict, assessed Taylor's punishment at two years' imprisonment in the penitentiary for the larceny but did not assess any punishment for the burglary. On appeal to this court, the case was remanded to the Circuit Court with directions to that court "to cause defendant to be brought before it, and proceed to assess the punishment on the burglary charge, and enter a new judgment sentencing defendant on both charges." See State v. Taylor, Mo.Sup., 324 S.W.2d 725. The trial court in compliance with the mandate fixed Taylor's punishment for the burglary at two years' imprisonment. The court thereupon sentenced Taylor separately on each charge at two years' imprisonment in the penitentiary and issued a commitment that he be delivered to the De-

partment of Corrections to be dealt with according to law. From that judgment, an appeal was taken to this court.

The defendant has not favored us with a brief. The State refiled the brief which had been prepared and filed on the original appeal.

We shall consider such assignments in defendant's motion for new trial which present questions for our review and which were not disposed of on the first appeal.

The defendant did not question the sufficiency of the evidence to sustain the verdict of guilty. We, therefore, need not make a detailed statement of the evidence. The State's evidence tended to prove the following: Mrs. Thelma Loughrige testified that she lived about twelve miles west and four miles north of Rolla in Phelps County, Missouri; that on the morning of August 1, 1957, she left home and went to Newburg where she was employed at the Rawlings Manufacturing Company; that before she left she had locked the doors of her home and the windows were closed. On the afternoon of that day, the company superintendent informed her that word had been received that someone was burglarizing her home. She immediately went to her home and found that a basement window had been removed. Meat valued at about $75 had been taken from a freezer and a pistol valued at $10 and $7 in cash were missing from the home. This witness also testified that fuzz from a gunny sack was found in a wash tub which had been standing in the basement by the window that had been removed.

The evidence was that on the day of the burglary two boys living in the neighborhood noticed a car stop in front of the Loughrige home and saw a man walk around the rear of the house. This occurred before noon. In the afternoon, these boys saw a car stop near the home and two men went to the house carrying gunny sacks. These boys took bicycles and rode by

the car and noted the license number. Later, the boys saw the two men driving by where the boys were working. Mrs. Loughrige was notified. Police officers, the sheriff, and the Highway Patrol were also notified. Campbell and Taylor were later arrested in Rolla. The two boys identified both Campbell and Taylor as the men they had seen at the Loughrige home.

When the arrest was made, a gunny sack was found in the same car which the State's witnesses had seen at the Loughrige home. The car belonged to Campbell. The defense was an alibi. However, neither Taylor nor Campbell testified during the trial of this case.

■ In the motion for new trial, defendant questioned the sufficiency of the information. He said it did not charge larceny. We find that the information charged the larceny to have been committed in connection with the burglary. The information did not allege that the property was taken without the consent of the owner. This question was considered in the case of State v. Zammar, Mo.Sup., 305 S.W.2d 441, loc. cit. 445, 446(6-8). This court there said, "A taking without right or leave and with an intent to keep, wrongfully, is obviously a taking without the consent of the owner, so that an attack on the sufficiency of the indictment for failure to use the precise words of the statute in this regard (and raised for the first time after verdict) should be, and it is disallowed." We rule the information to be sufficient.

■ Defendant complained of instruction No. 2 which informed the jury that in case it found defendant Taylor had not been previously convicted and found him guilty of burglary and larceny in connection with burglary, a punishment could be assessed for the burglary at 2 to 10 years and for the larceny at 2 to 5 years' imprisonment. Complaint is made that the punishment for larceny, as fixed by Section 560.161 (Laws of 1957, p. 376) permitted a punishment at less

than 2 years. This contention is without merit. Taylor was convicted of both burglary and larceny. The punishment prescribed for such a larceny is 2 to 5 years. See Sec. 560.110, V.A.M.S., 1959 Pocket Part, pp. 9, 10. We call attention to subsection 2 of Sec. 560.110 which provides that the trial court, in such a case, "shall state in pronouncing sentence whether the additional term of imprisonment provided herein is to run consecutively or concurrently. In the event that the court fails to determine at the time of pronouncing sentence how the terms of imprisonment shall run in relation to each other, the terms of imprisonment shall run concurrently." The instruction was proper and in accordance with Sec. 560.110, supra.

■ In this same assignment, defendant complained that the jury was not permitted to acquit him of burglary and convict him only of larceny or vice versa. We find this complaint to be without merit. Instruction 2 authorized an acquittal of both offenses, a conviction of both, or an acquittal of one and a conviction of the other. This instruction was a sufficient guide to the jury to find for the defendant or against him on either or both charges.

■ Defendant complained in his motion for new trial that the court erred in admitting in evidence State's Exhibit No. 1 which was a photograph of the defendant taken in the Missouri State Penitentiary on June 23, 1954. The exhibit was offered for the purpose of identification to prove that Taylor had served a sentence. Defendant said that he had been previously identified and therefore the exhibit was immaterial and only tended to prejudice the jury against him. The jury by its verdict found that defendant had not been previously convicted. The admission of the exhibit obviously did not prejudice him.

■ The State seems to have had some difficulty in getting two witnesses to court, that is, the two boys who saw Taylor and Campbell at the home of Mrs. Loughrige on the day the burglary was committed. The record indicates that an officer brought them to court on the day of the trial. The defendant's attorney was prevented on objection from cross-examining these witnesses as to their reason for not answering a subpoena. The defendant, in his offer of proof, stated that he wanted to show that the witnesses had been subpoenaed but failed to appear and that a deputy sheriff brought the witnesses to court. This is all of the offer of proof. It is evident that such a showing would not impeach the witnesses. The witnesses may have had good reason for the delay. The record shows that the prosecutor, after the above ruling was made, began to ask the witness then on the stand why he did not appear at court on time and the defendant's objection to such question was sustained. The record further shows that defendant's attorney was permitted to show that a deputy sheriff had brought the witnesses to court. The record indicates that the defendant had no desire to go into details as to the reason the boys were not in court on time. In the circumstances, the defendant was not prejudiced by the court's ruling. State v. Linders, 299 Mo. 671, 253 S.W. 716, loc. cit. 720(3).

Defendant further complained that the trial court erred in exchanging written communications with the jury. The record shows the following to have occurred: After the jurors had been in the jury room to consider their verdict, a note was sent to the judge which read as follows: "If found guilty could the Jury recommend 2 yrs. and parolled? If guilty he would be under parolled for 2 yrs—". The trial judge, in reply to that query, sent the following to the jury room:

"If found guilty the Jury can fix the punishment under your instructions at Two years.

"The Jury can recommend a parole but under the law a person is not eligible for parole if he has a previous record.

"/s/ Edw. T. Eversole."

■■ The record shows that the attorney for the defendant objected and stated to the court that the written message did not correctly state the law as to the possible punishment and parole. The record further shows that the court held a hearing when the motion for new trial was before the court and, after such hearing, overruled the motion. In the case of Lloyd v. St. Louis Public Service Co., 360 Mo. 91, 227 S.W.2d 460, loc. cit. 461(2, 3), this court said, "Granting a new trial for misconduct or indiscretion on part of jurors, lawyers, and a trial judge, occurring prior to the rendition of a verdict, rests largely within the discretion of a trial court. 46 C.J. 410, Sec. 468. Unless abused, the exercise of such discretion will not be disturbed. Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W.2d 333, loc. cit. 339 (10, 11)." In that case, the trial court sustained the motion for a new trial. The judge had communicated with the jury by oral message transmitted through a deputy sheriff. There was a dispute as to what had been said. In the case before us, the messages were in writing. Furthermore, it is apparent that the jury did not heed the court's message. The jury by its verdict assessed the minimum punishment ignoring the previous conviction which had been proven by the State. A parole was suggested even though the judge by the message had informed the jury that a parole could not be had. The defendant in this case received the minimum punishment permissible under the law. The two sentences of two years for the burglary and two years for the larceny, under the record before us, will run concurrently (see Sec. 560.110, supra). The record before us does not show that the defendant was prejudiced. The trial court so found by overruling the motion for a new trial and after a hearing on the question with which we are concerned. The practice of exchanging communications with a jury by the trial court is not commended. See Sullivan v. Union Electric Light & Power Co., 331 Mo. 1065, 56 S.W.2d 97, loc. cit. 102–104(12, 13), where the law on this subject was considered at length. See also 89 C.J.S. Trial § 473, pages 115–117.

Other matters complained of in the motion for a new trial were disposed of on the first appeal. A number of assignments are not supported by the record.

The judgment is affirmed.

All concur.

## On Motion to Modify

PER CURIAM.

In a motion to modify our opinion in this case, the State has called our attention to the fact that Section 560.110, V.A.M.S., Pocket Part, pp. 9, 10, and particularly Subsection 2, did not become effective until after July 13, 1959, the day when the judgment in this case was entered. It is contended, and rightly so, that before Subsection 2, supra, became effective, a sentence for larceny and a sentence for burglary, upon a conviction under a single information, ran consecutively. See State v. Huff, 352 Mo. 1161, 181 S.W.2d 513; State ex rel. Dalton v. Blair, 365 Mo. 1167, 294 S.W.2d 1; and Section 560.110, RSMo, Cum.Supp. 1957, cited by the State in the motion to modify.

■ The State contends that Subsection 2 of Section 560.110, supra, should not act retroactively. This point is well taken. The author of the opinion, who is also the author of this Per Curiam, overlooked the fact that Subsection 2 had not taken effect on the day the judgment in this case was entered.

It follows that the sentences imposed upon the defendant Lee Taylor should not run concurrently but consecutively. To this extent, the opinion heretofore filed is modified.

It is so ordered.