**STATE of Missouri, Respondent,**

v.

**Clarence N. (Bucky) CLINE, Appellant.**

**No. 53357.**

Supreme Court of Missouri, En Banc.

Nov. 10, 1969.

Rehearing Denied Dec. 8, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Alex Bartlett, Hendren & Andrae, Jefferson City, for appellant.

FINCH, Judge.

Defendant was charged in a one count information with the offenses of burglary and burglarious stealing under § 560.110 (all references are to RSMo 1959, V.A.M.S., unless otherwise indicated). The jury selected one of four verdict forms given to it by the trial court and found defendant to be guilty of "felonious and burglarious stealing as charged". The court, having found that defendant had three prior felony convictions, sentenced him under the Second Offender Act and fixed his punishment at ten years in the custody of the Missouri Department of Corrections. Defendant has appealed. We reverse and remand.

This case is written following recent reassignment. Judge Storckman wrote an opinion in this case in Division I, after which the case was transferred to the Court en Banc on the court's own motion. Portions of that opinion are utilized herein without the use of quotation marks.

A brief statement of the facts will suffice since the sufficiency of the evidence to support the verdict is not challenged.

On the night of January 3, 1966, the Farmers Exchange in Stotts City, Missouri, was forcibly entered. When the employees came to the store the next morning they found the door broken open and some merchandise missing. An inventory was taken and a list of the missing items was prepared. On January 4, a deputy sheriff

of Jasper County, Missouri, acting under search warrants, took from defendant's home in Carthage various items of clothing and merchandise, some of which were positively identified at the trial as having been taken from the Stotts City Farmers Exchange at the time in question. Other items (also recovered by the deputy sheriff from defendant's home in Carthage) which store personnel testified were similar to the stolen articles were not submitted in evidence on the ground that witnesses had not positively identified them for lack of distinctive markings. The defendant did not take the stand, but his wife supported his alibi defense. Two other witnesses testified that they were at defendant's home on the morning of January 4 when an unidentified person in an old automobile delivered two boxes to the defendant. The witnesses further testified that the defendant asked them to sign a paper to "witness this stuff he bought".

The trial court gave instructions to the jury which would permit it to convict defendant of burglary and of stealing in connection therewith, or to convict of burglary only, or to convict of petty stealing only, or to acquit on all charges.

The jury was handed four separate verdict forms providing for these possible verdicts: (1) guilty of burglary in second degree as charged; (2) guilty of felonious and burglarious stealing as charged; (3) guilty of petty stealing as charged; and (4) not guilty.

The jury selected the second form and returned a verdict which stated: "We, the Jury, find the defendant, Clarence Norman Cline, guilty of felonious and burglarious stealing as charged."

On the basis of the above verdict, the trial court assessed defendant's punishment at ten years' imprisonment. For reasons we subsequently point out, it is clear that such judgment and sentence cannot stand. Section 560.110, the statute under which this information was filed, allows the joint prosecution of burglary and of stealing committed in connection therewith and provides as follows:

"1. If any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and, on conviction of such burglary and stealing, shall be punished by imprisonment in the penitentiary, in addition to the punishment herein prescribed for burglary, not less than two nor exceeding five years.

"2. Notwithstanding the provisions of section 546.480, RSMo, the court shall state in pronouncing sentence whether the additional term of imprisonment provided herein is to run consecutively or concurrently. In the event that the court fails to determine at the time of pronouncing sentence how the terms of imprisonment shall run in relation to each other, the terms of imprisonment shall run concurrently."

The punishment for second degree burglary (defined in § 560.070) is fixed by § 560.095 at imprisonment for not less than two nor more than ten years. However, that section cannot justify the ten year sentence because defendant was sentenced for burglarious stealing, not burglary. The punishment fixed in § 560.161 for grand stealing (§ 560.156) also is not less than two nor more than ten years' imprisonment, but that section also could not authorize the punishment imposed by the trial court because defendant was charged with and convicted of stealing in connection with a burglary under § 560.110, not grand stealing under § 560.161. The maximum sentence under § 560.110 is imprisonment for five years.

Reducing the sentence in this court or sending the case back merely for resentencing would not solve the situation because the verdict herein is not responsive to the issues raised by the information or as submitted under the court's instructions. Instruction No. 1 informed the jury to consider first the issue of whether defendant was guilty of burglary, and, if they so

found, then to determine whether he was guilty of stealing in connection therewith. Instruction No. 3 told the jury that it could convict the defendant of both burglary and stealing incidental thereto, or could acquit of both, or could convict of burglary and acquit of the stealing, but did not authorize the jury to acquit of burglary but convict of burglarious stealing. In addition, Instruction No. 7 defined "burglariously" to mean "the willful doing of an act of breaking and entering with the intent to commit a crime." In spite of those instructions, the jury verdict made no express recital of guilt or innocence on the charge of burglary.

Defendant asserts that where, as here, the integrated separate offenses of burglary and stealing are charged in a single information pursuant to § 560.110, the jury must make a prior finding of a burglary by defendant before it can find defendant guilty of burglarious stealing. If there is not a burglary, there cannot be stealing incidental to a burglary.

There is no doubt that this court in the past has held that a defendant charged with burglary and stealing may "in effect" be acquitted of burglary and yet be convicted of stealing "burglariously" or in connection with a burglary. Cases which recognize or permit such a result include State v. Barbour, 347 Mo. 1033, 151 S.W.2d 1105; and State v. Burns, 263 Mo. 593, 173 S.W. 1070. These and other similar cases indicate considerable confusion as to the issues which may be submitted in a burglary and stealing prosecution under § 560.110 and what verdicts are justified. The verdict in this case and the contentions of defendant suggest that a reappraisal should be made of the issues which properly may be submitted under § 560.110 and the kinds of verdict permissible when a prosecutor chooses to proceed under the statute. The most reliable approach is to determine the legislative intention from the language of § 560.110 and related statutes.

The first general stealing statute was enacted in 1955 to replace numerous sections relating to larceny and other offenses against property. Laws 1955, p. 507. In 1957, § 560.110 and other statutes were amended to conform to the new stealing statutes by changing the term "larceny" to "stealing". Laws 1957, pp. 374–377. At that time § 560.110 consisted solely of that portion which is subdivision one of the present statute. In 1956 this court en banc held that in a prosecution under § 560.110 a separate term of imprisonment must be fixed for each offense and a court was powerless to order that the term of imprisonment for the offense then designated larceny should run concurrently with the term of imprisonment for burglary. State ex rel. Dalton v. Blair, 365 Mo. 1167, 294 S.W.2d 1, 3 [1]. In 1959 the general assembly nullified this decision by adding subsection two to § 560.110 which in substance provided that notwithstanding the provisions of § 546.480 the court could make the additional term for stealing run concurrently with the burglary term and that the terms should run concurrently if the court at the time of pronouncing sentence did not indicate how they should run in relation to each other. Laws 1959, H.B. No. 260; State v. Taylor, Mo., 336 S.W.2d 495, 499 [8].

■ Section 560.110 (as does Supreme Court Rule 24.04, V.A.M.R.) allows the two separate but related offenses to be charged in the same indictment or information. The prosecutor is not compelled to do so. In his discretion, he may prosecute stealing offenses separately under other appropriate statutes. However, if he elects to proceed under § 560.110, he has chosen to make the stealing a dependent offense subject to the penalties provided in that section of the statute; that is, the defendant on conviction of *such burglary and stealing* shall be punished for the stealing by imprisonment in the penitentiary for not less than two nor more than five years *in addition to the punishment prescribed for burglary*.

There is a clear legislative intention to provide a specific and exclusive punishment

for *stealing in connection with a burglary* which is separate and apart from the penalty for grand or petty stealing under § 560.161. This distinction has not always been observed by the courts. The adjudicated cases offer no satisfactory explanation of how a defendant can start out with a charge of burglary and stealing in connection therewith under § 560.110 and end up with an acquittal of burglary and a conviction of some other brand of stealing which carries a different and sometimes greater penalty. The term "additional" punishment contemplated by § 560.110 has been given no significance. When the court undertakes in such a situation to assess the punishment under the Second Offender Act, it cannot compound the jury's inconsistency by resorting to statutes other than those on which the charge is based. The legislative intention is clearly otherwise.

The proper construction of § 560.110 and the correct method of submitting the issues in a joint prosecution thereunder are indicated in the recent decision of State v. Auger, Mo., 434 S.W.2d 1, 5 [2-4]. Auger was convicted of burglary in the second degree and stealing in conjunction with burglary. One of his contentions on appeal was that the court erred in failing to instruct the jury that it could find the defendant *guilty of stealing and not guilty* of burglary, citing State v. Barbour, 347 Mo. 1033, 151 S.W.2d 1105, and other cases. The Auger opinion points out that the defendant was not charged with any *independent* stealing, but was charged by the information with burglary and with stealing in conjunction with that burglary.

Instruction No. 3 in the Auger case submitted the offense of burglary in the second degree and authorized the jury, if it so found, to assess the punishment for burglary at imprisonment for a term of not less than two nor more than ten years, and if the jury did not so find they were instructed to acquit the defendant of burglary in the second degree. Instruction No. 4 told the jury that if they found the defendant guilty of burglary as defined in the instructions and *further* found from the evidence and beyond a reasonable doubt that the defendant "at the time and place aforesaid" did steal certain described property "you will also find the defendant guilty of stealing in conjunction with burglary" and assess his punishment for such stealing at imprisonment for not less than two nor more than five years, and unless they so found the jury was instructed to find the defendant not guilty of stealing in conjunction with burglary. By Instruction No. 13, the jury was instructed as to two forms of verdict that might be used. First, the jury was instructed that if it found the defendant guilty of burglary as defined in Instruction No. 3, and further found that the defendant was "guilty of stealing in conjunction with burglary" as defined in Instruction No. 4, its verdict should "find the defendant guilty of burglary and assess his punishment at —— years" and "find the defendant guilty of stealing in conjunction with burglary and assess his punishment at —— years". The other form of verdict direction was that unless the jury found the defendant guilty of burglary as defined in Instruction No. 3 "you will find the defendant not guilty of burglary or stealing in conjunction with burglary" and the verdict should state that the jury found "the defendant not guilty of burglary or stealing in conjunction with burglary". It would seem that a third form of verdict is possible under the statute and is contemplated by the last sentence of Instruction No. 4 wherein the jury was authorized to find the defendant not guilty of stealing in conjunction with burglary. Since the jury was authorized by Instruction No. 3 to find the defendant guilty solely of burglary, the third form of verdict would be to the effect that the jury could find the defendant guilty of burglary and assess his punishment at a specified number of years in the department of corrections and further find him *not guilty* of stealing in conjunction with burglary.

The rationale of the instructions in the Auger case and its application to the issues

authorized by § 560.110 is well stated in the opinion as follows (434 S.W.2d l.c. 5):

"The jury here found the defendant guilty of burglary; presumably it did so *first,* having been instructed first as to that crime and having been told also that guilt of burglary was a condition precedent to any finding of guilt of stealing. Since defendant had been found guilty of burglary, any possible crime of stealing on this evidence would be a felony under § 560.110, RSMo 1959, V.A.M.S., because committed in conjunction with burglary, and defendant could not have been prejudiced by a failure to submit an instruction on any independent stealing. There could be none if defendant was guilty of burglary. Thus, any possible error could not have been prejudicial. State v. Caffey, Mo., 404 S.W. 2d 171; State v. Crow, Mo., 388 S.W.2d 817 cert. denied 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668; State v. Davy, Mo., 395 S.W. 2d 211; State v. Aston, Mo., 412 S.W.2d 175. Indeed, we doubt seriously that there was sufficient evidence in this case to justify a submission of stealing except in conjunction with burglary. Defendant could not be prejudiced by a failure to instruct on a form of stealing of which there was no charge and no proof. Moreover, defendant is in no position to complain of the absence of a separate and independent stealing instruction since *all* stealing was automatically eliminated unless he was found guilty of burglary."

Stealing in connection with a burglary is a specific kind of offense which the general assembly has constituted a felony and for which it has provided a penalty to be assessed *in addition* to the punishment for burglary. A finding of burglary by the jury is an indispensable prerequisite to a verdict of guilty for stealing in connection with the burglary. Decisions of this court holding that a defendant charged in one information with burglary and stealing in conjunction therewith may be acquitted actually or "in effect" of the charge of burglary and at the same time convicted of some form of stealing should no longer be followed.

Having determined that the judgment and sentence cannot stand, the question then arises as to what disposition should be made of the case against defendant. It is his contention that the jury's verdict inferentially or "in effect" acquitted him of the charge of burglary since there was no specific finding by the jury that he was guilty of burglary. It necessarily follows, says defendant, that a verdict of burglarious stealing cannot stand and he is entitled to outright reversal and discharge.

We do not concur in defendant's analysis of the verdict. It does not infer a finding that defendant was not guilty of burglary. On the contrary, we must conclude that the jury considered that defendant had committed a burglary because it found him guilty of burglarious stealing, that is, stealing incidental to and following a breaking and entering of the building. We recognize that in the case of State v. Burns, 263 Mo. 593, 173 S.W. 1070, a similar verdict was held to be in effect an acquittal of the charge of burglary, but we disapprove of that holding. It is true that the verdict cannot be held to be a verdict of guilty of burglary because the jury did not so state, but neither is it a verdict of not guilty of burglary. The verdict is ambiguous and confusing, no doubt caused by the fact that the court submitted verdict forms which did not include a verdict in which the jury could find defendant guilty both of burglary and of burglarious stealing, and did not submit verdict forms which conformed to the verdicts which the verdict-directing instructions told the jury it could return. The verdict was not responsive to Instruction No. 1 or Instruction No. 3 and was not a possible verdict under those instructions. The trial court should not have accepted the verdict. It did not dispose of all the issues in that it did not make a specific finding as to guilt of burglary. The court should have sent the jury back for the purpose of making an express finding on the charge of burglary or bringing

in some verdict permissible under the instructions.

In State v. Akers, 278 Mo. 368, 213 S.W. 424, the defendant was charged by an information in two counts, each of which charged defendant with the same identical offense. The jury's verdict convicted defendant on one count and acquitted him on the other, an entirely inconsistent verdict. This court held the verdict too contradictory to support a judgment of conviction and likewise too inconsistent to support a judgment of acquittal. The court ordered the case remanded for retrial, holding that this would not violate the double jeopardy clause of the Missouri Constitution.

In the instant case, there is not, as there was in Akers, a verdict of acquittal as to one of the charges. Hence, the verdict in this case is not contradictory in the same way as the one in Akers. However, it is incomplete and sufficiently ambiguous and confusing as to be insufficient to support either a judgment of conviction or acquittal. The verdict did not acquit defendant of burglary and he is not entitled to be discharged on the theory that it did. Consequently, cases such as State v. Bruffey, 11 Mo.App. 79, holding that a defendant cannot be retried on a charge of which he has been acquitted, are inapplicable. Defendant is subject to retrial on the consolidated charge of burglary and stealing incidental thereto.

 The issue is raised as to whether the decision of the Supreme Court of the United States in Benton v. State of Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707, decided June 23, 1969, is applicable, and if so, its effect. That opinion held the double jeopardy prohibition of the Fifth Amendment to the Constitution of the United States applicable to the states through the Fourteenth Amendment thereto. We conclude for two reasons that Benton has no application to this case. In the first place, there has been no acquittal of burglary and hence no question of double jeopardy arises. Secondly, for the reasons detailed in the opinion of Division I of this court in Spidle v. State, Mo., 446 S.W.2d 793, decided November 10, 1969, we conclude that it is not required that Benton be given retrospective effect.

Defendant also attacks the constitutionality of the search and seizure under search warrants whereby the state obtained articles which were offered in evidence against him. The record discloses that a motion to suppress such evidence was filed, but no hearing was held and the motion was never acted upon. On this record, we decline to consider this question. Upon remand, there will be an opportunity for defendant to present his motion and have a hearing thereon.

Reversed and remanded.

HENLEY, C. J., and DONNELLY, MORGAN and HOLMAN, JJ., concur.

SEILER, J., concurs in result.

STORCKMAN, J., absent.