STATE of Missouri, Respondent,

v.

Glen CROW, Appellant.

No. 55737.

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Gene C. Thompson, Carthage, for appellant.

PRITCHARD, Commissioner.

A jury found appellant "guilty of burglary in the second degree and of burglarious stealing as charged in the information." Upon a finding of a prior conviction, as alleged, appellant was sentenced by the court to ten years imprisonment on the burglary charge and five years imprisonment on the burglarious stealing charge, the sentences to run consecutively.

The sufficiency of the evidence is first challenged. On the morning of September 9, 1969, Robert Short, an employee of Fleming Cash and Carry, a grocery store in Joplin, Missouri, came to work about 7:00 o'clock. He had a key to the building, as did the manager, Wilmer Bishop, and when he went to the office to punch the time clock he noticed "a bunch of papers, the safe was open and cigarettes were strung out on the floor." He knew something was wrong and called Mr. Bishop. Short had locked the one door behind him as he entered, and as he let Mr. Bishop in he noticed the other door was unlocked. Later Dick Jones, another employee, discovered a hole in the roof over the office, and Short saw the big north door, which was always locked, had been cracked open about a foot wide. The hole in the roof was large enough for a person to climb in and out.

Rick Morgan, a police officer, was flagged down on the street by Mr. Bishop and went with him into the Fleming store, where he saw a hole in the roof directly over the office. He went to the roof and saw pieces of wood shavings, and asphalt around the edge of the hole which had scalloped edges. He found a brace, but no bit, inside the building. Detective Olin J. Daniels measured the size of the drilled holes in the roof, which appeared to be drilled with a half-inch bit. Daniels also found the safe open inside the building.

Police Officer George Dome found 190 cartons of cigarettes at Bud's Bait Shop in Carthage, Missouri, on September 10, 1969. He put his initials on each of the cartons which also had on them the name "The Fleming Company, 3001 Davis Street, Joplin, Missouri." The cartons were also marked with a red line by Clyde Epperson, Chief of Police, who had custody of the cigarette cartons up to trial.

Warren Louis Garrison admitted to previously pleading guilty to the burglary and stealing at the Fleming Company which occurred the night of September 9. He had not been sentenced at the time of this trial which began February 2, 1970. Garrison had seen appellant earlier that day at Garrison's home. Appellant came by and asked him if he wanted to make some money that night. Later they drove to Joplin in appellant's 1963 Mercury, and appellant said he was going down to the Fleming Company to see what kind of merchandise he could find. They had passed the Fleming building and parked four blocks from it. Garrison went in the 1409 Club to await appellant who took a brace and bit and a hammer and walked down the alley. Garrison entered the club at 5 or 10 minutes before 9:00, and stayed there about 30 minutes when appellant came to the back door and Garrison joined him. The two had to change a flat tire, then drove down the alley by an old abandoned warehouse about 500 feet from the Fleming Company. Then they walked across some tracks between boxcars up to a big sliding door which appellant had

opened—it was unlatched so appellant could open it. Appellant climbed inside and started to hand 12 or 13 cases of cigarettes out to Garrison on the dock which was about 800 feet from the car. They put the cigarettes in appellant's car and took them to Garrison's house. They did not take all the cigarettes which were stacked inside the Fleming building by the sliding door. It took 15 or 20 minutes to load the cigarettes and they arrived at Garrison's home about 10:00. Garrison unlocked his shed and all the cigarettes were put in it. The next morning, about 8:10, appellant came by and they put all but about 10 cartons of the cigarettes in his car. Later that day, about 1:30 p. m., when Garrison got off work, appellant came back with 197 cartons of cigarettes and wanted Garrison to sell them for him to Buddy Leeson, "Bud's Bait Shop." The two drove there and arranged the sale and delivery with Mrs. Leeson, then drove back to Garrison's house, picked up the cigarettes and took them back to Mrs. Leeson at Bud's Bait Shop where they both carried them in. Mrs. Leeson wrote Garrison a check for $289.00, which was $1.50 per carton. Garrison cashed the check, gave the money to appellant who gave him back $24.00, but appellant later paid $150.00 as a down payment on a Mercury car purchased by Garrison who financed the balance of the purchase.

Garrison then drove toward his home with appellant following him part of the way, and when he arrived home there were three police cars and two county cars awaiting him. Garrison was arrested, jailed and charged with burglary and stealing from the Fleming Company. Appellant had told Garrison that he got into the Fleming building by cutting a hole in the roof with a brace and bit.

Mrs. Gloria Leeson testified that Garrison and appellant drove up in a car and delivered 193 cartons of cigarettes to her for which she paid Garrison $289.50 by check. When her husband arrived home she told him of the purchase and he went to the police station. A policeman later removed the cigarettes from the Leeson house.

Wilmer L. Bishop was working as store manager for Fleming Cash and Carry of Missouri on September 9, 1969, and about 4:00 p. m. when he left work he secured the building by locking the doors. The office was then neat and the safe locked, and there were no cigarettes on the floor. The next morning when he arrived he found cigarettes scattered around, a hole in the roof, $105.00 in cash missing from the safe along with $6.00 in stamps. He identified the cigarettes, State's Exhibits 2 and 3, as coming from the Fleming store.

■ In arguing the lack of submissibility of the state's case, appellant says it was physically impossible for appellant to have walked four blocks, climbed to the roof of the building, drilled 20 to 40 holes in the roof, opened a locked safe, ransacked the office, opened two doors, loaded the cigarettes, and walked back to where Garrison was within 30 minutes as Garrison testified. Appellant's pro se brief further argues the point. The above statement of facts shows that appellant entered the Fleming building by force and removed property therefrom, some of which was in his (and Garrison's) possession the next day. Such is sufficient to support the verdict of guilt of both the burglary and the burglarious stealing done in connection therewith. State v. Aston, Mo., 412 S.W.2d 175, 181 [9]; State v. Armstrong, Mo., 361 S.W.2d 811, 813, 814. See also State v. Schleicher, Mo., 458 S.W.2d 351, 354 [3], as to the effect of evidence of joint possession of recently stolen property in giving rise to an inference that the possessor is the thief.

The testimony of Garrison as to the elapsed times for appellant's acts was estimate only. See 32A C.J.S. Evidence § 1040(3), p. 780. In view of the other substantial evidence of guilt, any inconsistencies in that testimony, or the fact that an inference could arise that appel-

lant could not have committed the described acts within the allotted time, are not binding upon the jury. State v. Washington, Mo., 383 S.W.2d 518, 522 [3]; State v. Spraggins, Mo., 368 S.W.2d 407, 410 [3–6]; and see State v. Key, Mo., 411 S.W.2d 100, 102 [2] as to proof of a claim by other evidence conflicting with the testimony of a party's own witness.

■ Appellant says the court erred in not instructing the jury as to the effect and weight to be given the testimony of an accomplice. No such instruction, which has been held to be on an issue collateral to the main issue, is required to be given absent a request therefor. State v. Dunlap, Mo., 408 S.W.2d 76, 78 [4]; State v. Deiter, Mo., 446 S.W.2d 609, 614 [9, 10].

Instruction No. 6 permitted the jury to find appellant guilty of both burglary and burglarious stealing; or it could acquit him of both offenses; or it could convict him of burglary and acquit him of burglarious stealing. The instruction went on to tell the jury that it could not convict appellant of burglarious stealing unless it found him guilty of burglary "according as you may find and believe from all the facts and circumstances in evidence, under these Instructions." Appellant says that the court erred in giving this instruction in that it prevented the jury from finding him guilty of stealing only. He argues that the instruction failed to tell the jury that he was charged with two crimes—burglary and stealing; and that the jury should have been told that it could find him guilty or not guilty of burglary under § 560.070, RSMo 1969, V.A.M.S., and further that it could find him guilty or not guilty of stealing in conjunction with burglary under § 560.110; and the jury should have been further instructed that it could find him guilty or not guilty of stealing under § 560.156.

■ The information here charges appellant with burglary and burglarious stealing in connection therewith as is permitted the prosecutor under § 560.110.

"However, if he elects to proceed under § 560.110, he has chosen to make the stealing a dependent offense subject to the penalties provided in that section of the statute." State v. Cline, Mo., 447 S.W.2d 538, 541 [1]. Instruction No. 6 is fully supported by the evidence that appellant committed the burglary of the Fleming building, and in connection with that burglary stole the cigarettes. There was evidence from Garrison that appellant forcibly broke into and entered the building, and of no consequence is appellant's argument that no one actually saw him do so as contrasted to Garrison's testimony that he actually saw appellant steal cigarettes. The charge, the facts, and Instruction No. 6 follow State v. Auger, Mo., 434 S.W.2d 1, 5, and are inapposite to the situation in State v. Cline, supra, where the jury found the defendant guilty only of felonious and burglarious stealing, but did not find him guilty of burglary. Instruction No. 6 gave the jury its only proper alternatives under the statute, and is not erroneous.

■ In his last point, appellant says that the prosecutor's remarks that he believed appellant to be guilty and that he believed Garrison was mistaken about the thirty-minute time period he testified to for the commission of the offense were prejudicially erroneous. As noted above, it was for the jury to determine any inconsistencies in the testimony as to the time it took to complete the offense in view of the evidence that a burglary and stealing in connection therewith actually took place. What the prosecutor did was to review the facts in the case in his argument. The prosecutor was entitled to argue that all of appellant's acts could have taken longer than thirty minutes. There is no reference to any belief of the prosecutor in appellant's guilt which was not based on the evidence. All he said was, "You find him guilty or find him innocent, and I think it's your duty under the evidence we've presented here which for the most part is not refuted, not contested, to find this

**482**

defendant guilty." There is no error, or plain error, as appellant suggests occurred under Supreme Court rule 27.20, V.A.M.R.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCH-ARD, C., is adopted as the opinion of the Court.

All of the Judges concur.