**STATE of Missouri, Respondent,**

v.

**Charles Harvey COLLINS, Appellant.**

**No. 54123.**

Supreme Court of Missouri,
Division No. 1.

April 12, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Lawrence O. Willbrand, St. Louis, for appellant.

HIGGINS, Commissioner.

Charles Harvey Collins was charged in a one-count information with burglary and stealing under Section 560.110, V.A.M.S. The jury, utilizing two of four forms of verdict given by the trial court, found defendant "not guilty of the charge of burglary" and "guilty of the charge of stealing," and assessed his punishment at four years' imprisonment. The court, "for the reason that the punishment for stealing in paragraph two of Instruction No. 1 is improper," fixed the punishment at two years' imprisonment, and rendered sentence and judgment accordingly.

Jesse Eaton lived with his parents, Howard J. and Inez Eaton, at Route 1, Bonne Terre, St. Francois County, Missouri. In the afternoon of February 11, 1968, he drove past his home and observed an automobile parked on the side of the road and four men walking toward his home. After turning around, he saw a black Dodge automobile and four men in his driveway and, later, saw one man coming from his house.

As Mrs. Eaton approached her home that same afternoon she passed a black Dodge automobile with its trunk partially open containing a television set. She saw several men in the car. When she arrived

home she noticed several items, including her television set, missing and called the Sheriff of St. Francois County.

Deputy Sheriff Layton of Ste. Genevieve County observed a black Dodge automobile near Lawrenceton and followed it to the junction of State Route 110 and U.S. Highway 67 where Officer 444 of Jefferson County had stopped it.

Charles Harvey Collins was one of five men in the automobile and Mr. and Mrs. Eaton's stolen property was in the trunk. Defendant was not the operator or owner of the car and was sitting in the rear seat when arrested.

Scratches and marks were found between the door and door facing of the Eaton home which was locked when they left it.

The defense was alibi. Defendant admitted being in St. Francois County at Esther, but stated he was not near the house. A codefendant, Jimmie Duncan, stated that he, defendant, Bob Adams, Robert Collins, and Jim Nunn went to St. Francois County in Adams's car to repair Nunn's car. While the others worked on Nunn's car, Adams left and returned after about forty-five minutes with a television set in his trunk.

The state's case was submitted by Instruction No. 1 which told the jury "if you believe * * * that the defendant * * * entered the dwelling house of one Howard Eaton with the intent to steal * * * by forcibly breaking the outer door of the dwelling house and entering said house, you will find the defendant guilty of burglary in the second degree, and assess his punishment at imprisonment * * * for a term of not less than two years nor more than ten years.

"And if you further find and believe * * * that the defendant, at the time and place aforesaid, did carry away from within said building, and deprive the owner of the use thereof, any goods and wares of any value whatever, * * * you will also find him guilty of stealing and assess his punishment for such stealing at imprisonment * * * for a term not less than two nor more than ten[1] years."

Relying on State v. Cline, Mo., 447 S.W.2d 538, appellant contends that he is entitled to a reversal and his discharge because he was acquitted of the burglary charge and could not be convicted of the stealing charge which was dependent upon conviction for burglary.

The charge, evidence, and instructions show without question that Charles Harvey Collins was subjected to a joint prosecution for burglary and stealing under Section 560.110, supra. Such was the nature of the information and Instruction No. 1; there was no evidence of value of the property allegedly stolen, and there was no submission of a crime of stealing, either above $50 or below $50, independent of burglary under Sections 560.156 and 560.161, V.A.M.S. See State v. Auger, Mo., 434 S.W.2d 1. With the case in this posture, the judgment and sentence cannot stand.

In State v. Cline, supra, the same position taken by this appellant was asserted in the appellant's contention that where the offenses of burglary and stealing are jointly charged pursuant to Section 560.110, the jury must convict on the burglary charge before it can convict on the stealing charge, i. e., "If there is not a burglary, there cannot be stealing incidental to a burglary." 447 S.W.2d 1.c. 541. In upholding this contention the court recognized that previously a defendant charged with burglary and stealing could, in effect, be acquitted of burglary and yet be convicted of stealing in connection with a burglary.

---

1. Punishment for stealing in a joint prosecution for burglary and stealing under Section 560.110, supra, is "in addition to the punishment * * * for burglary, not less than two nor exceeding five years." Obviously, it is this error in the instruction that the court recognized in assessing punishment.

The court then reappraised the issues which may be submitted under Section 560.110, and the kinds of verdicts permissible when a prosecutor chooses to proceed under that statute. In its reappraisal, the court determined the legislative intent of Section 560.110 as allowing "the two separate but related offenses to be charged in the same indictment or information. The prosecutor is not compelled to do so. In his discretion, he may prosecute stealing offenses separately under other appropriate statutes. However, if he elects to proceed under § 560.110, he has chosen to make the stealing a dependent offense subject to the penalties provided in that section of the statute; that is, the defendant on conviction of *such burglary and stealing* shall be punished for the stealing * * * for not less than two nor more than five years *in addition to the punishment prescribed for burglary.*

"There is a clear legislative intention to provide a specific and exclusive punishment for *stealing in connection with a burglary* which is separate and apart from the penalty * * * under § 560.161. This distinction has not always been observed by the courts." State v. Cline, supra, 447 S.W.2d l.c. 541–542 [1].

The court then concluded that "Stealing in connection with a burglary is a specific kind of offense which the general assembly has constituted a felony and for which it has provided a penalty to be assessed *in addition* to the punishment for burglary. A finding of burglary by the jury is an indispensable prerequisite to a verdict of guilty for stealing in connection with the burglary. Decisions of this court holding that a defendant charged in one information with burglary and stealing in conjunction therewith may be acquitted actually or 'in effect' of the charge of burglary and at the same time convicted of some form of stealing should no longer be followed." 447 S.W.2d l.c. 543 [2–4].

Accordingly, the judgment and sentence cannot stand, and the remaining question is the relief to be given.

In State v. Cline, supra, the verdict of the jury did not specifically acquit the defendant of the burglary; only "in effect" did it do so by failing to make a finding on that charge. In that situation the court concluded that the jury "considered that defendant had committed a burglary because it found him guilty of burglarious stealing, that is, stealing incidental to and following a breaking and entering * * *"; and on the theory that the verdict was "incomplete and sufficiently ambiguous and confusing as to be insufficient to support either a judgment of conviction or acquittal" of the burglary, the cause was remanded to permit "retrial on the consolidated charge of burglary and stealing incidental thereto." State v. Cline, supra, 447 S.W.2d l.c. 543–544 [4].

There is no such failure in the verdict in this case. It is clear that the jury acquitted defendant of the burglary; his stealing conviction therefore cannot stand, and the appellant is entitled to outright reversal and discharge.

Judgment reversed and defendant ordered discharged.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.