**STATE of Missouri, Respondent,**

v.

**John Lewis MOORE, Appellant.**

No. 56733.

Supreme Court of Missouri,
Division No. 1.

April 8, 1974.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Morran D. Harris, Osceola, for appellant.

WELBORN, Commissioner.

Appeal from judgment and concurrent sentences of seven years' imprisonment for burglary in the second degree and five years for stealing in connection therewith, entered on jury verdict finding John Lewis Moore guilty of those offenses.

At around 10:00 A.M. on July 20, 1970, Mrs. Alvena Haase left her residence near Cole Camp, Missouri, locking the front and rear doors. When she returned a short time later, she noticed a car parked in the

driveway, near her house. Suspicious, she observed the situation from her vehicle and, through a window, saw appellant Moore inside the house. Moore then appeared on the back porch, coming through the opened door which Mrs. Hasse had locked. After some brief discussion with Moore, who told Mrs. Hasse that he was from the "municipal utility," Mrs. Haase saw another man come out the front gate. The second man, Penny, called to Moore and Moore ran to his car and left with Penny.

Mrs. Haase got the license number of the auto Moore was driving and went into the house to call the authorities. She noticed that the back door frame had been broken and the door opened. A portable stereo and suitcase were at the door. She noticed that her husband's watch was missing from his dresser.

Mrs. Haase got in touch with the Benton County sheriff and gave him the license number and description of the car and its occupants. En route to Mrs. Haase's the sheriff saw the vehicle she had described and placed its occupants under arrest. He patted the men down for weapons and felt a watch in Moore's pocket. He did not remove the watch. The men were handcuffed and placed in the rear seat of the sheriff's car. After the sheriff arrived at the jail he searched Moore and found no watch. He returned to his car and found a watch under the rear seat of his auto. The watch was identified as his by Mr. Haase at Moore's trial.

Penny, who entered a plea of guilty to a stealing charge and was sentenced to two years' imprisonment and placed on parole, testified for the state and fully implicated Moore as a participant in the breaking and stealing.

Moore, testifying in his own behalf, stated that he had stopped at Penny's request because Penny wanted to visit a person whom he knew. Moore's testimony was that he had been using amphetamines, was "high" and had no knowledge that Penny

had a burglary in mind. He remained in his car while Penny kicked open the rear door and entered the house. When he saw a car coming, he ran to the door and called to Penny. He denied having stolen the watch.

The recital of the evidence shows clear support for the jury verdict finding appellant guilty of burglary and stealing in connection therewith.

■ The court did not err in admitting the watch into evidence. It was sufficiently shown to have been connected with appellant.

■ There was no basis for an instruction on "petit" stealing. The charge was burglarious stealing, under § 560.110, RSMo 1969, V.A.M.S., making the value of the stolen property immaterial. State v. Caffey, 404 S.W.2d 171 (Mo.1966). Under the information, the only stealing which could be submitted was burglarious stealing. State v. Cline, 447 S.W.2d 538 (Mo. 1969).

In connection with the testimony of Penny, appellant calls attention, without elaboration, to State v. McClain, 498 S.W.2d 798 (Mo. banc 1973). Penny did testify that he pleaded guilty without promise of lenient treatment. Contrary to the situation in McClain, there is no showing here that such testimony was untrue.

Appellant complains that the trial court failed to allow credit for jail time. When appellant appeared for allocution and sentencing on March 11, 1971, his counsel stated that he had been in jail since his arrest on July 20, 1970, and requested the trial court to allow appellant credit for his jail time in accordance with § 546.615, RSMo 1969, V.A.M.S., then in effect. The trial court responded:

"I will cross that bridge when I get to it. I can grant that at a later date. I will determine at that later date whether it should be granted. After you are up there you can write me and request the jail time."

Appellant was entitled to the trial court's exercise of discretion in this regard. State v. Heard, 460 S.W.2d 570 (Mo.1970). However, § 546.615 as amended, making allowance of jail time mandatory (Laws of Mo. 1971–1972, p. 469), applies in this case. State v. Whiteaker, 499 S.W.2d 412, 420–421 (Mo.1973). The judgment of conviction is amended to allow appellant credit for jail time from July 20, 1970 until his delivery to the Department of Corrections under his sentence. Otherwise the judgment is affirmed.

Judgment modified to allow credit for jail time; otherwise affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.