STATE of Missouri, Plaintiff-Respondent,

v.

Cleophus PARKER, Defendant-Appellant.

No. KCD 27961.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer
Denied March 29, 1976.

Thomas M. Larson, Public Defender, R. William Boemker, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Douglas G. Mooney, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant was charged by information with both second degree burglary and stealing. He was acquitted of the stealing charge, but the jury found him guilty of burglary. The jury was unable to assess punishment, and defendant was sentenced by the court to seven years in the Missouri Department of Corrections.

The crime occurred at the residence of Kathryn Gale. She had lived in the house about five weeks. Before her occupancy, it was vacant for an unspecified period of time. On the night the crime occurred, she locked her house and left for work at about 7:10 p.m. When in the early morning hours she returned, a light she had left off was burning. Inside the house she found trash in the hallway and drawers had been pulled out. Two television sets, a clock radio, cash and some jewelry were missing. The back door appeared to have been used by someone to gain entry. Glass was broken out in the lower left-hand portion of the door. Some items from the house were scattered in the backyard.

Glen R. Redmond, a Kansas City Police Department evidence technician, was dispatched to the victim's home. He investigated within the residence and performed a procedure designed to lift latent finger-

prints from surfaces within the house. He was successful in procuring five cards of latent fingerprints. One of the cards consisted of prints lifted from the *inside* of the glass in the rear door of the house, just above a hole in the glass. Redmond also lifted prints from the outside of the door glass, from a gold can found on the bed in the master bedroom and from a checkbook box.

He dusted for prints on all door facings, door frames, dresser drawers that had been pulled out and objects that had been taken out of the drawers, but was unsuccessful in acquiring any additional prints. He did not perform any procedures to locate prints on objects in the backyard.

At trial, William Green, a Kansas City Police Department fingerprint technician, testified that he examined the card of latent fingerprints lifted from the inside of the back door glass and compared that card with an inked fingerprint card bearing the impressions of defendant. He found a print on the inside of the door glass to be the same as the right middle finger impression of defendant. He found sixteen points of similarity and no points of dissimilarity between the two fingerprints. No other fingerprints were identified as defendant's.

■ Defendant testified that he had no knowledge of the burglary and stealing. He was arrested over six months after the occurrence of the offense and could not by that time recall where he was on the night the crime occurred. He said that to his knowledge he never was inside the Gale residence nor did he steal anything from it. He did not know how his fingerprints could have been left on the door glass. None of the items taken from the house were proved to have been in his possession, and none were recovered from him. Aside from the fingerprint, no other evidence linked defendant to this crime. Such fingerprint evidence is sufficient proof of identity to sustain a conviction. *State v. Simmons*, 528 S.W.2d 8 (Mo.App.1975); *State v. Lane*, 497 S.W.2d 207 (Mo.App.1973); *State v. Schleicher*, 442 S.W.2d 19 (Mo.1969); *State v. Gray*, 504 S.W.2d 825 (Mo.App.1974).

Defendant assigns as error the trial court's acceptance of the jury verdict in which he was found guilty of burglary but acquitted of the stealing charge. The claim is that such a verdict is inherently contradictory and unsupported by substantial evidence. Defendant argues that the evidence established that both a burglary and a stealing took place. The two offenses, he says, are so tied that acquittal on one charge required a finding that there was not substantial evidence to support the conviction on the other charge.

■ Defendant was prosecuted for both offenses under RSMo 560.110, which states, "If any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, . . ." Defendant relies on language relevant to an entirely different issue from *State v. Blair*, 365 Mo. 1167, 294 S.W.2d 1 (banc 1956), which, in effect, says that in regard to sentencing there is but one case where one is charged under 560.110 RSMo. Defendant also cites *State v. Cline*, 447 S.W.2d 538 (Mo.banc 1969), cert. den. 398 U.S. 910, 90 S.Ct. 1706, 26 L.Ed.2d 71 (1970), where a conviction of burglarious stealing was reversed when the defendant was acquitted of burglary. Of course, burglary is "an indispensable prerequisite to a verdict of guilty for stealing in connection with the burglary," l.c. 543. But there can be burglary without a stealing, and a jury was entitled to make that finding, returning a verdict of guilty of burglary but not guilty of stealing. This result was approved in *State v. Ash*, 286 S.W.2d 808 (Mo.1956), and it was approved in dicta in the *Cline* opinion itself, l.c. 542.

Defendant's other claim of error is that Green was not demonstrated to be an expert qualified to give opinion testimony comparing appellant's fingerprint with one found at the house. Green was questioned about his education and experience. He testified that he had eleven years of experience comparing fingerprints and that for five years he had been identifying latent prints. He had on-the-job training from

recognized experts. He attended two F. B. I. schools on advanced latent prints, and he kept abreast of current developments in the field by reading technical literature subscribed to by the police department.

The qualification of a witness as an expert is within the sound discretion of the trial court. His decision is reviewable only for abuse of discretion. *State v. Williams*, 515 S.W.2d 463 (Mo.1974), *State v. Taylor*, 508 S.W.2d 506 (Mo.App.1974). On this record there is ample evidence that Green was qualified from experience and training to testify as a fingerprint expert. The trial court did not abuse its discretion. Defendant also alleges Green's testimony was contradictory. It is the jury that must weigh and credit an expert's testimony. *State v. Maxie*, 513 S.W.2d 338 (Mo.1974), cert. den. 420 U.S. 930, 95 S.Ct. 1132, 43 L.Ed.2d 402 (1975), *State v. Quilling*, 363 Mo. 1016, 256 S.W.2d 751 (banc 1953).

The judgment is affirmed.

All concur.