**STATE of Missouri, Respondent,**

v.

**Michael Steven BRADLEY, Appellant.**

**No. 40467.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 1979.

Motion for Rehearing or Transfer
Denied Nov. 20, 1979.

Application to Transfer Denied Dec.
6, 1979.

**616**

Robert C. Babione, Public Defender, James Porter, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Dean R. Hoag, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of the offense of stealing from a dwelling. Sections 560.156, 560.161 RSMo Supp.1975. He was sentenced by the court under the Second Offender Act to serve a term of eight years in the Department of Corrections.

The amended information charged in Count I that defendant "did feloniously and burglariously, forcibly break and enter a dwelling house and building located at 5577 Lindell Boulevard, the property of  .  .  . contrary to Sections 560.045, 560.095, RSMo. .  .  ." In Count II it was alleged that defendant did "unlawfully and feloniously then and there steal, take and carry away personal property; to-wit, various art objects and antiques,  .  .  . then and there being in a certain dwelling house occupied by the said  .  .  . contrary to the form of the statutes in such case made and provided  .  .  . to-wit: §§ 560.156, 560.161.  .  .  ."

The state presented evidence that certain personal property was stolen from the house of one Theresa Vollmer. At the close of the evidence the court refused to submit an instruction to the jury on Count I, the burglary charge.

On appeal, defendant contends that the court erred in dismissing the burglary charge without dismissing the stealing charge. He makes no complaint as to the sufficiency of the evidence. He bases his complaint on Section 560.110, RSMo 1969 which provides that if a person in committing a burglary shall also steal, he may be prosecuted for both offenses either in the same count or in separate counts. A defendant charged with burglary and stealing under this statute can only be convicted of stealing if he is also found guilty of a burglary. *State v. Cline*, 447 S.W.2d 538 (Mo. banc 1969) cert. denied 398 U.S. 910, 90 S.Ct. 1706, 26 L.Ed.2d 71 (1970). The defendant contends that the judge's action in failing to submit the issue to the jury on the burglary in effect acquitted him on that charge. He then relies on *State v. Cline*,

supra, and other authority contending that the court also should have dismissed the stealing charge. However, defendant's point is refuted by *State v. Cline*, supra. The Supreme Court therein said that a prosecutor may, in his discretion, prosecute the stealing offense *separately* under the appropriate statutes. The amended information charged the defendant with stealing from a dwelling house, under Sections 560.-156 and 560.161. Not only did it specify a separate crime by alleging that defendant stole from a dwelling house, it specified the statute by number. Under the information, the court properly submitted to the jury the charge of stealing.

Defendant's contention that the sentence is excessive is without merit. Under Sections 560.156 and 560.161, stealing from a dwelling house is punishable by a maximum sentence of ten years. Defendant's sentence of eight years is therefore, not excessive.

Judgment affirmed.

GUNN and CRIST, JJ., concur.