**STATE of Missouri, Respondent,**

v.

**Carl C. McCLANAHAN, Appellant.**

No. 52385.

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, John P. Madigan, Jr., Special Asst. Atty. Gen., St. Louis, for respondent.

August F. Ottinger, Jr., St. Louis, for appellant.

FINCH, Presiding Judge.

Defendant was charged with stealing a motor vehicle and with four prior felony convictions. He was convicted by a jury of stealing the motor vehicle and the trial court made the necessary findings under the Habitual Criminal Act with reference to the four prior convictions. Defendant was sentenced to imprisonment for eight years and he appeals.

The only issue presented on appeal is whether there was sufficient evidence to make a submissible case and to support the verdict. The State's evidence, viewed most favorably to it, justified the jury in finding the facts to be as herein recited.

Berry Turner, employed at Washington University Medical School, owned a black 1965 Chevrolet Impala. On December 15, 1965, Turner had this automobile parked in the 4500 block of McKinley Avenue in St. Louis, Missouri. The car was locked and the keys were in Turner's pocket. He could see the car from a window in the laboratory where he was employed. Sometime between 3:00 and 3:20 p. m., he looked out the window and saw his car parked where he had

left it. He did not look out the window any more, but when he got off work at 4:00 p. m. and went to his car, it was gone. He reported the theft to the police, and he next saw his car at about 5:00 p. m. in the 1500 block of Clara Avenue, after the police reported to him that they had located it.

Sometime between 4:00 and 4:30 p. m. of that day, Officer Leo Yaeger drove along the 1500 block of Clara Avenue enroute to turn the school signs at Burd and Cote Brilliante, which was approximately one block away from the 1500 block of Clara. Officer Yeager notice a black 1965 Chevrolet in front of 1521 Clara and observed a Negro male in the rear seat of the car. When he had turned the school signs around, he heard a description of the Turner 1965 Chevrolet being broadcast. He remembered seeing the black Chevrolet at 1521 Clara and went back to check it. The license plate on the car was the one mentioned in the broadcast. Officer Yaeger observed a male Negro in the front seat under the steering wheel, bent over toward the right side of the car. The officer radioed for assistance and then alighted from his police car, with shotgun in hand, and placed the male Negro under arrest. It was the defendant herein. The officer testified that when he first drove down Clara Avenue he did not observe the man in the back seat sufficiently to say whether or not it was the defendant.

When Officer Yaeger arrested the defendant, both the hood and the trunk lid of the car were up. The lock in the trunk lid had been punched out and was on the ground alongside the automobile. The ignition had been tampered with and a set of keys was found in the ignition. These were not keys belonging to Turner. The automobile clock had been removed from the dashboard and was hanging down, but still connected by wires. Certain car tools, a duffel bag, and a jar of antifreeze were on the ground near the car. Mr. Turner later identified these as his property and as having come from the trunk of his car.

Officer Yeager searched defendant after he arrested him and had him alight from the car. A piece of copper wire and a screwdriver were taken from the defendant's pockets.

The only evidence offered by defendant was given by Joseph Noskay, who was Acting Director of the Public Defender's Bureau of the City of St. Louis. He testified that he knew the defendant and had known him for several years, and that he saw him in the Criminal Courts Building on December 15, 1965. He first had seen him in the morning and then saw him again at about 3:30 or 3:35 p. m. Defendant also developed on cross-examination of Berry Turner that it took him approximately thirty minutes to drive from Washington University to the vicinity of the Court House, park his automobile, and go to the third floor of the Criminal Courts Building.

■ This evidence is sufficient to sustain the conviction of defendant of stealing Turner's 1965 Chevrolet automobile. Unexplained possession of recently stolen property is sufficient to sustain a conviction of stealing that property. State v. Jones, Mo., 358 S.W.2d 782; State v. Dobson, Mo., 303 S.W.2d 650. The automobile in question was stolen within an hour of the time Officer Yaeger found the defendant sitting in the driver's seat of that car. He was the only person in the vehicle and in the exclusive possession thereof. The car had been moved from the 4500 block of McKinley to the 1500 block of Clara. The ignition had been tampered with and keys which were not Turner's keys were in the ignition. The lock of the trunk lid had been punched out, the lid was up, and articles taken from the trunk of the car were on the ground nearby. A piece of wire and a screwdriver were found in defendant's pockets, and the officer testified that the wire could have been used to open a locked car. Defendant asserts that there is no evidence to show exactly how the locked car was entered or how or by whom it was moved. He also asserts that no one saw defendant take and

move the car. Such evidence was not necessary. The evidence which was offered, and which is recited herein, was sufficient to sustain the conviction. Nor does the fact that Officer Yeager saw an unidentified person in the back seat of the car a few minutes earlier change the situation. The officer did not testify that this was a different person than defendant. He simply did not sufficiently observe him when he first passed the car to be able to state whether it was the defendant. He could say only that it was a Negro male, and this, of course, could fit the defendant.

█ Defendant also relies on the fact that Turner testified that it took thirty minutes for him to go from Washington University Medical School to the third floor of the Criminal Courts Building whereas, according to defendant, the evidence indicated that he had only twenty-five or thirty minutes from the time he was seen by Mr. Noskay until the car was taken at 4 o'clock. This, of course, was evidence for the jury to consider, but it is not sufficient to require a directed verdict nor to overcome the evidence of defendant's presence in the stolen automobile when arrested. Mr. Noskay testified that he was very busy on the day in question and did not keep a written record as to his time. He was testifying as to his best recollection when he testified that he saw the defendant at 3:30 or 3:35 p. m. on that day. Furthermore, Berry Turner left his work at 4:00 p. m., but there was no testimony as to the exact moment at which he reached the point where his car had been parked and found that it had been stolen. The fact remains that defendant was in the exclusive possession of the stolen car at between 4:30 and 5:00 p. m., which was not more than an hour after it was stolen.

We have examined those parts of the record required under Supreme Court Rule 28.02, V.A.M.R. and find no error therein.

The judgment is affirmed.

All of the Judges concur.