**STATE of Missouri, Respondent,**

v.

**Willie Thomas ARMSTRONG, Appellant.**

No. 53840.

Supreme Court of Missouri,
Division No. 1.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Joseph Noskay and George C. Hubel, St. Louis, for appellant.

HOUSER, Commissioner.

On this appeal Willie Thomas Armstrong, convicted by a jury and sentenced to 6 years' imprisonment for stealing $50.-00 or over, to wit, a motor vehicle, seeks a reversal of the judgment of conviction on two grounds.

First, he questions the sufficiency of the evidence to prove beyond a reasonable doubt that he stole the automobile in question by appropriating or exercising dominion over the property, or that he intended to permanently deprive the owner of the use thereof and convert it to his own use.

There is no question about the sufficiency of the evidence to establish that the automobile, which belonged to Blanch Campbell, was stolen. Nor is there any doubt from a review of the transcript that there was sufficient evidence to establish appellant's criminal agency. Two eyewitnesses gave testimony clearly indicating that appellant exercised dominion over the stolen automobile " * * * in a manner inconsistent with the rights of the owner, * * * by * * * using, transferring * * * or retaining possession of [the] property," within the meaning of § 560.156, subd. 1(2), RSMo 1959, V.A.M.S. One Susan Williams, a "girl friend" of the owner, knew the automobile, having seen it on numerous occasions ("just about every day"), knew that it was a green 1960 Chevrolet, knew that it had been stolen, and kept its license number in her possession. One day she observed and recognized the automobile sitting parked

on Belt Avenue. She compared its license number with that in her possession. The two numbers matched. She notified the police and returned to watch the car until the police arrived. While watching it a man came out of an adjacent house, approached the automobile, looked up and down the street, got into the automobile and drove it away. She described the man with particularity and made a courtroom identification of appellant as that man. Three days later the police observed this automobile, stopped it and talked to the driver, one Melvin Jones, who told the officers that appellant was the owner of the car. Jones testified that he had seen appellant driving the automobile for "the last two weeks"; that Jones had "just borrowed" the car from appellant, and that Jones took it with appellant's permission. Two fingerprints found on the rearview mirror of the stolen automobile corresponded with those of appellant. There was evidence that the owner had not given appellant permission to drive or possess the automobile.

■ Appellant took the stand; steadfastly denied that he had stolen the car; denied that he had ever driven it or given Jones permission to do so; claimed that the first time he saw the automobile it was in Jones' possession and that Jones had offered him a ride; testified that Susan Williams could not have seen him enter and drive the car on Belt Avenue and that she was mistaken in her identification of him. The state's evidence of appellant's possession and use of the automobile therefore was not explained, but was denied. Unexplained possession of recently stolen property is sufficient to sustain a conviction of stealing that property, under § 560.156. State v. McClanahan, Mo.Sup., 419 S.W.2d 20, 21 [1], and cases cited.

■ The information charged and the verdict-directing instruction required a finding that the accused intended to permanently deprive the owner of the use of the automobile and to convert it to his own use. The evidence indicating that appellant kept and used the automobile as his own for a period of two weeks was sufficient upon which to submit this question to the jury.

■ Appellant makes the further point that the court erred in not excluding Juror No. 1 from the jury panel and in not declaring a mistrial when it developed, during the taking of the testimony, that this juror "knew" the owner of the automobile. Appellant's counsel, during voir dire examination, asked the panel to listen to the names of the witnesses, read six names (including that of the owner of the automobile), and asked "Do any of these names ring a bell with any of you members of the jury panel?" There was no affirmative answer and counsel stated that he took it by their silence that their answer was "No." Apparently Juror No. 1 was not "good on names" and did not recognize Blanch Campbell by the calling of her name, but when she came in the courtroom Juror No. 1 recognized her. During the progress of the trial the juror "wondered" if this fact was important. She tried to talk to one of the lawyers and later volunteered to the court that she "knew" the owner of the car; had gone to school with her, but did not know her "personally." The court asked the juror whether that would influence her in the case, or whether she could listen to the testimony and decide the case strictly on the evidence and instructions. She stated that it would have no bearing; that she would not give the owner's testimony any greater weight than any other witnesses, whereupon the court commended the juror for her honesty and overruled the motion to exclude the juror and declare a mistrial.

It is evident from this record that the juror's failure to respond to the question on voir dire was unintentional and involved no deception or bad faith; that the acquaintance of the juror with the owner was casual; that the ability of the

juror to decide the case fairly and impartially under all the evidence and the instructions, without giving undue credit to the owner's testimony, was not affected by the casual acquaintance, and that no prejudice to appellant resulted. State v. Anderson, Mo.Sup., 386 S.W.2d 225. We find no abuse but rather a proper exercise of judicial discretion in the trial judge's ruling.

The judgment of conviction is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.