**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Willie DORSEY, Defendant-Appellant.**

**No. 49724.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 25, 1986.

Application to Transfer Denied
April 15, 1986.

**480**

Roger M. Hibbits, Issant, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Victorine Robben Mahon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant was charged with second degree burglary in violation of § 569.170 RSMo 1978 and stealing over $150 in violation of § 570.030 RSMo Cum.Supp.1984. The jury found the defendant not guilty of burglary, and returned verdicts of guilty and not guilty on the same charge of stealing. Defendant was sentenced as a prior offender on the stealing charge to three years imprisonment.

There was both direct and circumstantial evidence from which a jury could reasonably find that defendant appropriated personal property with a value of at least $150 from the owner without his consent and for the purpose of withholding it from the owner permanently. The victim testified as to the items stolen from his home and stated he gave no one permission to enter his home or remove the items stolen which he later recovered from the police. Officer Edward Magee testified that on an anonymous tip he apprehended the defendant who had in his possession the stolen items and who admitted "that him and his friends needed some money, and that they had decided to hit this place." Officer Magee said defendant offered to show him some

"dope cribs" if the police would let him go. Defendant raises eleven points on appeal.

Defendant first claims the trial court erred in entering judgment of conviction because the foreman of the jury signed both the verdict form finding the defendant not guilty for stealing and the verdict form finding defendant guilty for stealing. Under the circumstances hereafter discussed, we review this issue as preserved error.

Four verdict forms were submitted to the jury. As to Count I, the burglary charge, the foreman of the jury signed the not guilty verdict form and did not sign the guilty verdict form. As to Count II, the stealing charge, the foreman signed both the guilty and not guilty verdict forms. After receiving the verdicts the court announced the jury found the defendant not guilty of burglary, and guilty of stealing without consent. The court asked the defendant and the state if they wished to poll the jury. Both parties declined unaware of the opposing verdicts on the stealing charge. It was not until defendant requested the legal file after the appeal was filed that he discovered both the guilty and not guilty verdict forms were signed by the foreman.

 The court is obligated to see that verdicts are in proper form. *State v. Helm,* 624 S.W.2d 513, 519 (Mo.App.1981). The law is clear that when a jury returns a verdict in improper form, it is the duty of the trial court to refuse to accept the same and require further deliberations until a verdict in proper form is returned. *State v. Lashley,* 667 S.W.2d 712, 715 (Mo. banc 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). The trial court has a duty to examine the verdict returned by the jury for defects, inconsistencies and ambiguities. *Comegys v. Chrysler Credit Corp.,* 577 S.W.2d 873, 879 (Mo.App.1979). The trial court erred by not informing counsel or in not taking steps to resolve the patent inconsistency before accepting the guilty verdict. Because the obvious inconsistency and ambiguity in the verdict forms on the same charge were neither brought

to light by the trial court nor cured by the trial court by returning the jury to further deliberate and correct the mistake or by polling the jury, *See U.S. v. Mears*, 614 F.2d 1175 (8th Cir.1980), *cert. denied*, 446 U.S. 947, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980), defendant was prejudiced and denied his right to a fair trial.

■ The argument that this issue can only be determined on a standard of plain error because defendant raises the issue for the first time on appeal is without merit. Defendant could not have known of the inconsistency in the verdict forms on the stealing charge without taking a most unusual step of going forward to examine all the verdict forms before the jury was discharged. The signed not guilty verdict form became known to defendant after the notice of appeal was filed. Therefore, because the trial court failed to notify counsel of the problem, there was no opportunity to preserve the error. The nature of the error would also be appropriate to plain error review, but under a different standard.

■ We reverse and remand for a new trial. Defendant argues that if he is retried he will be placed in double jeopardy because the court received a not guilty verdict along with the guilty verdict. There is no merit in defendant's claim that jeopardy attaches to preclude a new trial. The jury verdict is not binding until accepted by the court. *Lashley*, 667 S.W.2d at 715. The return of a verdict in improper form, and the refusal of the trial court to accept it, is not a situation which places the defendant in double jeopardy. *Id.* Here, the court did not *accept* the not guilty verdict from the jury. The court received the verdicts but read only the guilty verdict on the stealing charge. The ambiguity in the verdicts requires a new trial.

■ We reject defendant's claim that the not guilty verdict on the charge of burglary required a not guilty verdict on the charge of stealing. We find no error on this account, plain or otherwise, because the law does not require that the verdicts be consistent. *See State v. Bohlen*, 632 S.W.2d 493 (Mo.App.1982), and cases cited therein. Defendant's argument ignores the proposition that a guilty jury verdict on the stealing charge is supported by evidence and therefore "correct" where the not guilty verdict on the burglary charge is, or, on this issue, may be "wrong". The inconsistency, in itself, does not require a verdict of not guilty on one of two related and companion charges.

Because the stealing charge will be retried, those issues which are unlikely to occur require no comment. We will address matters which may recur.

■ Defendant claims the trial court erred in admitting testimony and allowing argument concerning the stolen items found on defendant but not identified by the victim specifically as his property. Defendant's contention is meritless. The victim specifically identified the items that were taken from his home. All these items were recovered from defendant by the police and returned to the victim. These items included a television, its remote control, a microwave, a gun, a clock, a radio, and several old coins valued about $12.00. The victim specifically identified all items which were displayed in the state's photographic exhibits. The state did not present photographic exhibits of the remote control and the coins. The failure to identify the items not offered into evidence does not preclude testimony concerning their existence. *State v. Shive*, 585 S.W.2d 192, 195 (Mo.App.1979).

■ Defendant cites *State v. Lease*, 124 S.W.2d 1084 (Mo.1939), for the proposition that the state must prove the identity of the items which defendant has in his possession as the items claimed to have been stolen. The *Lease* case is not on point with the instant case. *Lease* concerned a hog stealing in which the identity of the hogs were in issue. The defendant claimed to be the owner of the hogs which were similarly marked as the hogs stolen. There the state failed to prove the defendant was not the owner of the hogs claimed stolen. Here the victim testified to each item stolen and defendant made an admission.

This was sufficient if accepted by the jury. Identity, therefore, is not an issue. We find no error in the trial court in admitting the testimony and allowing the argument about the stolen items.

■ Under point four defendant argues also the term "appropriated" as used in the verdict directing instruction is vague and indefinite and erroneously gives the jury a roving commission. The court, however, is not required to give a definition of the term "appropriated" unless so requested by a party. *See* Notes on Use MAI–CR 2d 24.-02.1. We find no evidence that defendant requested such an instruction.

■ Defendant avers the court, and the state wrongfully refused immunity for a witness, and thus deprived defendant a fair trial by precluding a defendant's witness. Defendant's argument, without case citations, seems to say that it is unfair to have the state grant immunity to a witness to make its case but deny the same privilege to the defendant. We are unable to find any legal unfairness where the prosecutor indicates an intention to prosecute if a witness should incriminate himself under oath as in the instant case. A prosecutor in the exercise of discretion has the right to chose a course of action or non-action. *State v. Wallach*, 353 Mo. 312, 182 S.W.2d 313, 319 (Mo. banc 1944). We find no deprivation of a fair trial under the circumstances of the present case.

■ In his next point defendant contends the trial court erred in admitting his prior record of convictions because there was insufficient identification of defendant and insufficient authentication of his records. Identity of names is prima facie evidence sufficient to establish the accused's identification for the purpose of showing a prior conviction. *State v. Cook*, 463 S.W.2d 863, 868 (Mo.1971). We find the state made a prima facie case which the trial court accepted and found defendant a prior offender which is documented by the record. Point denied.

■ Defendant next argues the trial court erred in refusing to admit parts of police reports which contained statements of the officer who inspected the crime scene under the business records exception of the hearsay rule. Defendant does not argue in his brief but made the argument at trial that the records would show defendant was released by the police initially but a co-defendant was not released. Defendant attempts to prove his innocence through the release. The trial court ruled, however, that "even if they are business records, I think that they would be inadmissible under these circumstances." The trial court is necessarily vested with broad discretion in ruling evidentiary matters. *State v. Clark*, 652 S.W.2d 123, 128 (Mo. banc 1983). We find the trial court correctly ruled in denying the statements contained in the records on grounds other than non-qualification under Business Records Act. The Act does not make evidence admissible which would be incompetent if offered in person. *State v. Jordan*, 664 S.W.2d 668, 672 (Mo.App.1984).

■ Defendant's final point reads: "The court erred in failing to instruct on the lesser included offense of stealing based upon the evidence." Defendant's point fails miserably to comply with Rule 30.06. The alleged omitted instruction is not included in the argument, Rule 30.06(e); *State v. Williams*, 674 S.W.2d 46, 48 (Mo. App.1984), defendant fails to state wherein and why the trial court erred, Rule 30.-06(d); *State v. Simpson*, 611 S.W.2d 556, 559 (Mo.App.1981), and defendant makes no argument under this point, other than citing Rule 29.01. Rule 30.06(e). Furthermore, we are unable to find in the record where defendant made a request for the lesser included instruction. We will, however, for the sake of completeness review the merits of defendant's claim.

■ An instruction on a lesser included offense is required only if defendant requests and evidence exists to support an acquittal of the greater offense and conviction of the lesser offense. § 556.046.2 RSMo 1978; *State v. Lewis*, 642 S.W.2d 627, 630 (Mo. banc 1982); *State v. Perkins*,

679 S.W.2d 410, 411 (Mo.App.1984). The evidence must show a lack of an essential element of the greater offense to require instruction on the lesser offense. *Id.* The testimony of the witnesses and the officer's testimony as to defendant's admission of the offense sufficiently support the essential elements of the offense of stealing. We find no lack of an essential element that would require an instruction on the lesser included offense of stealing.

The charge of stealing over $150 in violation of § 570.030 RSMo Cum.Supp.1984 is reversed and remanded for a new trial.

SIMON and GARY M. GAERTNER, JJ., concur.