STATE of Missouri, Respondent,

v.

**Lance A. WILLIAMS, Appellant.**

No. 18407.

Missouri Court of Appeals,
Southern District,
Division One.

May 24, 1993.

to a negotiated plea agreement. *Row v. State,* 680 S.W.2d 418, 419 (Mo.App.1984).

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

A jury found Appellant, Lance A. Williams, guilty of the class C felony of stealing property of the value of $150 or more, § 570.030, RSMo 1986, and assessed punishment at one year in jail and a fine to be determined by the court. The trial court imposed the jail sentence assessed by the jury, together with a $1,000 fine. This appeal followed.

Appellant's sole point relied on avers the evidence was insufficient to support the verdict. On that issue, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, disregarding all contrary evidence and inferences. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992). Our review is limited to determining whether there was sufficient evidence from which reasonable jurors could have found Appellant guilty beyond a reasonable doubt. *Id.*

Sometime before 3:30 a.m., November 7, 1991, a plate glass window of The Dugout Sport Shop ("The Dugout") in Joplin was broken out; the shop was ransacked. About 25 pairs of athletic shoes, 25 jackets, and various hats, tee shirts and sweat shirts were stolen. The jackets and hats bore logos of sundry professional sports teams including the Los Angeles Raiders. The aggregate value of the stolen items was $2,640.95.

The State's key witness was 22-year-old Harry Walker. He testified that around 1:30 or 2:00 a.m., November 7, 1991, he was with Charlie Vass at the latter's apartment in Joplin. Appellant and his brothers—Paul Williams, Art Williams and Ron Williams—were also there. The six left the apartment in Walker's automobile.

Paul Williams suggested "hitting" The Dugout. Walker drove to a site a block from The Dugout and parked. He handed Paul Williams the key to the trunk. Vass and the four Williams brothers exited the automobile. Ron Williams obtained a lug wrench from the trunk. Vass and the four Williams brothers departed on foot toward The Dugout. Walker stayed in his automobile.

The quintet returned a few minutes later. All five were carrying "[s]hoes and hats, all kinds of things."

Walker drove back to Vass' apartment, where the loot was unloaded.

Later that day, the six went to Quapaw, Oklahoma. Appellant wore a Raiders jacket and a Raiders hat, two items the quintet had carried to Walker's automobile a few hours earlier.

Walker was subsequently arrested. After a night in jail he gave investigators a statement implicating Vass, Paul Williams, Art Williams and Ron Williams—but not Appellant—in the theft. A "couple of hours later," while still in custody, Walker told an investigator he (Walker) had forgotten Appellant was also involved. Later that day, Walker was told he would not be prosecuted if he testified against the Williams brothers and Vass.

Investigators went to Vass' apartment and recovered some of the stolen shoes and hats. Vass, Appellant and his brothers were there. Appellant was arrested. Inferably, so were the others.

An investigator later recovered six of the stolen jackets at Quapaw, Oklahoma.

At trial, Walker confirmed he had an agreement with the State whereby he would not be prosecuted if he testified truthfully.

Appellant testified he was not involved in the incident at The Dugout. He admitted he had a Raiders jacket, but avowed he got it from his brother Art after giving Art money to buy it.

The case was submitted to the jury under instructions hypothesizing Appellant burglarized The Dugout and stole the merchandise. The jury acquitted Appellant of burglary but, as reported earlier, convicted him of stealing.

Appellant's theory that the evidence was insufficient to support his conviction of stealing appears in this excerpt from his brief:

The verdict of not guilty of burglary clearly demonstrates the jury did not believe Appellant was involved in the burglary of the Dugout Sports Shop. The jury therefore did not believe Walker's testimony that Appellant walked up the street with Vass and the other Williams brothers and returned with stolen clothing. If the jury did not believe Appellant was present when the clothing was taken from the store, then the only evidence linking Appellant to the stolen clothing was the fact that Appellant was arrested in an apartment where much of the clothing was recovered. This evidence alone is insufficient to support Appellant's conviction for stealing.... If Appellant did not participate in the burglary, as found by the jury, then he could not have participated in the stealing which occurred at the same time as the burglary.

■ While Appellant's lawyer exhibits praiseworthy ingenuity, the argument is nonetheless futile. Under The Criminal Code,[1] where an accused is charged with burglary and adjunctive stealing, an acquittal of burglary does not invalidate a guilty verdict of stealing, so long as the evidence is sufficient to support the latter. *State v. Dorsey*, 706 S.W.2d 478, 481[5] (Mo.App. E.D.1986); *State v. Bohlen*, 632 S.W.2d 493, 494[3] (Mo.App.E.D.1982).

In so holding, we do not overlook *State v. Cline*, 447 S.W.2d 538 (Mo. banc 1969), *cert. denied*, 398 U.S. 910, 90 S.Ct. 1706, 26 L.Ed.2d 71 (1970), a case involving burglary and burglarious stealing under former § 560.110, repealed effective January 1, 1979.[2] That statute provided that if a person in committing burglary also committed stealing, he could be prosecuted for both offenses in the same count. If convicted of both, he could be imprisoned for burglary within the range of punishment for that offense, plus an additional term of not less than two nor more than five years. In *Cline*, the jury found the accused guilty of "felonious and burglarious stealing," but returned no verdict on burglary. The trial court, applying the Second Offender Act (since repealed), sentenced the accused to ten years' imprisonment—a term within the permissible range for "grand stealing" under § 560.161 (since repealed).

The Supreme Court of Missouri held this erroneous in that the accused was not convicted of "grand stealing," but "burglarious stealing." 447 S.W.2d at 540. The Court explained that under § 560.110, stealing in connection with a burglary is a specific kind of offense constituting a felony, for which the General Assembly had authorized punishment in addition to the punishment for burglary. 447 S.W.2d at 543. Consequently, where prosecution is under § 560.110 a finding of guilty of burglary is an indispensable prerequisite to a finding of guilty of stealing in connection with the burglary. 447 S.W.2d at 543[2]. Thus, a prosecutor electing to proceed under § 560.110 has chosen to make the stealing a dependent offense, hence the accused can be convicted and punished for stealing only if convicted of burglary. 447 S.W.2d at 541–42. That is, an accused cannot start out with a charge of burglary and stealing in connection therewith under § 560.110 and end up with an acquittal of burglary and a conviction of some other type of stealing which carries a different and sometimes greater penalty. *Id.*

Having explained this, the Supreme Court held the accused was not entitled to discharge, as the jury did not acquit him of burglary. The conviction of burglarious stealing was reversed and the case was remanded for a new trial on the consolidat-

---

**1.** The Criminal Code, Laws of Missouri 1977, S.B. 60, pp. 658–718, took effect January 1, 1979.

**2.** *Id.*, footnote 1, *supra,* pp. 662–63.

ed charge of burglary and incidental stealing. 447 S.W.2d at 543–44.

The holding in *Cline* was compelled by the unique provisions of § 560.110. Nothing in *Cline* suggests the Supreme Court would reach a similar result under the burglary and stealing statutes as they now exist in The Criminal Code. Indeed, as we have seen, the Eastern District of this Court has twice reached the opposite result under the present statutes. *Dorsey*, 706 S.W.2d 478; *Bohlen*, 632 S.W.2d 493. As noted in *Dorsey*, the law does not require consistent verdicts. 706 S.W.2d at 481. *Dorsey* points out that where a jury returns a guilty verdict on stealing, supported by sufficient evidence, an acquittal of burglary may be "wrong." *Id.*

■ The dispositive question here is thus simplified to whether, disregarding the acquittal of burglary, the evidence was sufficient to support the conviction of stealing.

As we have seen, Walker testified Paul Williams, in Appellant's presence, suggested "hitting" The Dugout. After Walker parked a block away, Ron Williams took a wrench from the trunk, presumably to break the store window. Appellant accompanied his brothers and Vass as they started toward The Dugout. When the five returned minutes later, each was carrying apparel later identified as having come from The Dugout.

Unexplained possession of recently stolen property is sufficient to support a conviction of stealing that property. *State v. Chase*, 444 S.W.2d 398, 402–03[4] (Mo. banc 1969); *State v. Armstrong*, 445 S.W.2d 367, 368[1] (Mo.1969). Possession of recently stolen property which will support an inference of guilt may be a joint possession of the accused and others, and such possession need not be separated from all possession by others. *State v. Arnold*, 566 S.W.2d 185, 188[5] (Mo. banc 1978); *State v. Miller*, 485 S.W.2d 435, 439–40[3] (Mo. 1972).

Walker's credibility was for the jury to assess. *State v. Sumowski*, 794 S.W.2d 643, 645[3] (Mo. banc 1990). Walker's testimony, if believed (as it obviously was), established Appellant was in possession,

jointly with his brothers and Vass, of the stolen merchandise minutes after the theft. That possession was unexplained. Appellant's *denial* of involvement in the theft was not an explanation. *Armstrong*, 445 S.W.2d at 368[1]. Appellant's testimony that he got a Raiders jacket from Art did not explain how Appellant came into possession of the part of the loot he was carrying minutes after the theft.

We hold the evidence, viewed favorably to the guilty verdict of stealing, sufficient to support that verdict.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.