**STATE of Missouri, Respondent,**

v.

**Wesley Wayne CAMPBELL, Appellant.**

**No. 72454.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1998.

Andrew A. Schroeder, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The evidence supported a jury verdict finding defendant, Wesley Wayne Campbell, guilty of possession of a controlled substance, more than five grams of marijuana, with the intent to distribute, a class B felony. Section 195.211 RSMo 1994. Defendant and three others imported large quantities of marijuana on three or four occasions in a six month period prior to April 18, 1996, the date of the charged crime. The state offered the testimony of one of the principals and supported his testimony with physical evidence seized with the aid of a search warrant. The court imposed a thirteen year prison sentence in accord with the verdict.

Defendant contends the trial court erred: (1) in refusing defendant's request for a severance from the trial of co-defendant, Rickie Smith, because the state intended to offer evidence admissible against Rickie Smith, but not admissible against defendant; (2) in allowing evidence based upon hearsay to provide a foundation for the evidence; and, (3) in failing to declare a mistrial, *sua sponte*, when the prosecuting attorney: (a) made a direct and certain reference to appellant and his co-defendant's failure to testify; and, (b) argued that the judge, not the jury, would ultimately determine the sentence, an argument which diminished the jury's responsibility. Defendant's arguments are without merit.

■ The state originally charged defendant, his brother John Campbell, and Rickie Smith in separate cases on the same charge. The court determined that evidence of the conduct of each of the three defendants would constitute the same proof from the same witnesses. The state so alleged in its motion to consolidate. Defendant filed a motion for severance. He alleged the state intended to produce the sworn testimony of Diane Campbell whose testimony may have been admissible against Rickie Smith, but was not admissible against John Campbell and Wesley Campbell. The court denied the motion to sever. However, it ordered the testimony of Diane Campbell to be excluded. It was excluded; she did not testify. Accordingly, the evidence which was received in support of each of the charges against co-defendants satisfied the condition on which the court granted consolidation and refused severance—same proof and witnesses for all defendants.

On these facts we find no abuse of discretion and no clear showing of prejudice in denying severance. *State v. Vinson,* 834 S.W.2d 824, 827 (Mo.App. E.D.1992). All of the evidence introduced against defendant would have been admissible in a separate trial. Defendant's argument of trial court error in denying severance is denied.

Defendant's second claim of trial court error is related to the first. The trial court overruled defendant's motion in limine and objections to testimony and evidence regarding a "Casio [computer] data bank" belonging to his brother, James Campbell. His trial court objection was that this evidence was hearsay because the source of the disclosure to the police was Diane Campbell, whose testimony was excluded by the trial court. There was evidence Diane Campbell informed the police of the password necessary to enter the data bank; the police used the password to enter the data bank and there discovered records of customer accounts for the purchase of marijuana. This evidence was probative on the element of intent to distribute and was related to defendant because there was testimony to support a finding he had a similar Casio data bank.

■ We hold the trial court did not abuse its discretion in permitting the evidence regarding the data bank. The court has broad discretion in deciding whether to exclude or admit evidence adduced by the parties at trial. *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App. E.D.1992). Here, the trial court objection was hearsay in establishing a foundation. The principal who engaged in the marijuana activities with defendants testified that a password was needed. He identified the password because of something Diane Campbell had said to him. Officer James Webber testified that Diane Campbell gave him the password. If we accept this evidence as true, then Diane Campbell was the source of the disclosure of the password. However, reference to her statements do not constitute hearsay evidence to support a finding of any element of the charged crime. Her identification of the password was not offered to prove the password. Accordingly, it was not offered for the truth of the matter asserted. The references to the source of the disclosure of the password only served to explain the investigation process. It was not hearsay.

■ Defendant has offered an alternative argument that the court erred in allowing evidence of uncharged crimes by allowing the state to present the facts discovered on the computer data bank. No such objection or argument was made to the trial court. A hearsay objection is insufficient to preserve for review a claim of error that a witness' testimony amounted to evidence of a prior crime, *State v. Woods*, 723 S.W.2d 488, 496 (Mo.App.1986), and on appeal, defendant may not broaden a trial court objection to include a theory other than presented to the trial judge. *State v. Dampier*, 862 S.W.2d 366, 376 (Mo.App. S.D.1993). Point denied.

■ Finally, defendant argues plain error in the state's closing argument for the trial court's failure to declare a mistrial, *sua sponte*. The prosecutor made a "negative evidence" argument. The prosecutor observed, "[a]ll you [have] is the state's evidence." In a case where the evidence was very strong the argument was very unnecessary. In the absence of trial court objection, the only result of this statement in closing argument was to provide defendant with a point on appeal. In the event of a timely objection, this argument may provide defendant with a legal ground for a mistrial or a new trial. The state may not comment on a defendant's failure to testify. *State v. Parkus*, 753 S.W.2d 881, 885 (Mo. banc 1988). The state may not make a direct and certain reference or an indirect and certain reference to a defendant's failure to testify. *State v. Robinson*, 825 S.W.2d 877, 881 (Mo.App. 1992).

■ Defendant's argument fails for several reasons. First, the reference was indirect and uncertain. The elements of the charged crime involved numerous people and numerous activities. This case is therefore different than one in which the only available evidence to counter the only state's witness is testimony of the defendant. On those facts, a reference to no opposing evidence would be an indirect, but certain reference to defendant's failure to testify. In the present case there were numerous possible, not unfriendly, witnesses available to defendants. Because the evidence was overwhelming and

supported a finding that defendants were involved in the business of transporting and selling marijuana over a period of months, it is unlikely that the argument was necessary and, equally unlikely, that the argument had any effect on the jury in determining guilt or innocence. Accordingly, there are no exceptional circumstances in this case which would require a trial court to *sua sponte* declare a mistrial on the argument that there was no opposing evidence. *State v. L——R——*, 896 S.W.2d 505, 510 (Mo.App.S.D.1995).

Second, the argument was not a matter of plain error. Possibility of prejudice is not enough for plain error review. *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989). The circumstances of the argument will not support a finding of manifest injustice or a miscarriage of justice. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo. banc 1979). Finally, the failure to object to an indirect and uncertain reference to the failure of defendant to testify would support a finding that trial counsel considered the remarks unworthy of objection or intentionally did not object as a matter of trial strategy.

Defendant also argues that another part of the state's closing argument warranted a mistrial, *sua sponte*. In an effort to obtain a long sentence from the jury, the state argued that after it assessed punishment, "[t]he Judge can give them less. I mean, you—you know, we don't normally tell you that, but the Judge can actually give them less. . . . You have to give them a hard punishment, and the Judge can then look at this case, . . . and he can decide what is an appropriate punishment."

State's argument was condemned by the Missouri Supreme Court in *State v. Roberts*, 709 S.W.2d 857, 869 (Mo. banc 1986). The court held that an argument that the verdict assessing punishment would serve only as a recommendation to the trial court was not a matter of error, plain or otherwise, warranting reversal. However, the court concluded "[t]he possibility exists that it may be used in such a manner to alter a jury's

sense of responsibility, and accordingly, prosecutors should hereafter avoid such argument." *Id.* It is not clear that this was a statement by the court that such arguments would be considered in the future a matter of plain error. Judge Blackmar, concurring in result, advised that courts in our state "should hold, unequivocally, that prosecutors act improperly in attempting to minimize the jury's responsibility in cases in which sentencing is a jury function." *Id.* at 872. On the facts of this case, particularly the charged crime and the evidence in support of the charge, the argument did not mandate a mistrial, *sua sponte*. It may have warranted a mistrial, on motion, but no such motion was made.

The jury recommended sentences of five, ten and thirteen years for the three co-defendants. The range of punishment for the charged crimes was not less than five nor more than fifteen years. The differences and lengths of sentences is explainable by reference to the degree of involvement of defendants. Defendant was known as "the boss" of the operation and received a thirteen year sentence. Rickie Smith was "the mule" and received a five year sentence. John Campbell's active participation was somewhere in between the boss and the mule. He received a ten year sentence. The verdicts suggest the jury seriously considered the subject of punishment and performed its duty to fix punishment in accordance with the law declared in the instructions and the evidence in this case. *State v. Lewis*, 443 S.W.2d 186, 190 (Mo. 1969). Point denied.

We affirm.

AHRENS, P.J., and CRANDALL, J., concur.