**STATE of Missouri, Respondent,**

v.

**Aaron McNEAL, Appellant.**

**No. 73803.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 12, 1999.

Susan McGraugh, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Appellant Aaron McNeal appeals his conviction after a jury trial in the Circuit Court of St. Louis City for one count of robbery in the first degree, Section 569.020, RSMo 1994,[1] one count of armed criminal action, Section 571.015, one count of felonious restraint, Section 565.120, and one count of attempted robbery in the first degree, Section 564.011. He was sentenced to a total of eighteen years' imprisonment. Appellant argues on appeal (1) that the trial court plainly erred when it accepted the verdict of guilty on Count V after the jury returned two inconsistent verdict forms for this count, and (2) that the trial court erred when it overruled defense objection to a hearsay statement during the testimony of state witness Detective Thomas Rund. We affirm.

### *Factual and Procedural Background*

On review, this Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). This Court neither weighs the evidence nor evaluates the credibility of witnesses. *State v. Pierce*, 932 S.W.2d 425, 427 (Mo.App. E.D. 1996). In the light most favorable to the verdict, the facts are as follows:

On the evening of January 4, 1997, Alvin Peterson stopped at a gas station on West Florrisant in St. Louis. Mr. Peterson saw a light blue Ford Taurus with a woman, Kimberly Martin, and three men in it parked near his car. One of the men was speaking with Appellant. While Mr. Peterson was

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

pumping his gas, Appellant approached him, showed him a gun and attempted to rob him. Mr. Peterson ran and Appellant was unable to catch him.

A short time later, Appellant entered the home of Daffodil Hollins, restrained Ms. Hollins and her grandchildren, stole money and jewelry from Ms. Hollins, then forced Ms. Hollins into her car and drove away with her. Appellant drove the car around, then stopped, got out of the car and walked away, leaving Ms. Hollins in the car.

Ms. Hollins was able to describe Appellant and noticed that he had a tattoo on his neck and a tattoo on his wrist that said "Aaerrile." Appellant showed these tattoos to the jury at trial.

When Detective Thomas Rund of the St. Louis Police Department and his partner left Ms. Hollins's house, their attention was called to the light blue Ford Taurus previously described that was still occupied by Ms. Martin and three men. Ms. Martin said that she was looking for Appellant, who he had gotten out of the car at a gas station on West Florrisant and had run after someone.

After speaking with Ms. Martin, the police began to look for Appellant. They later showed Ms. Hollins an array of photographs that included Appellant's picture. She identified Appellant from the array.

Later, Mr. Peterson saw Ms. Martin's car which he recognized from the gas station. He told the police officers who were guarding the car about the attempted robbery.

After the police arrested Appellant, both Ms. Hollins and Mr. Peterson identified him from a live line-up.

At trial, Appellant did not take the stand or present any witnesses. At the close of the evidence and following the instructions and arguments of counsel, the jury returned verdicts of guilty of robbery in the first degree, armed criminal action, felonious restraint, and attempted robbery. Appellant was found not guilty of kidnapping. Appellant was sentenced to ten years' imprisonment for robbery in the first degree, three years for armed criminal action, and five years for attempted robbery in the first degree, all sentences to run consecutively. Appellant

was also ordered to pay a fine of five thousand dollars for the count of felonious restraint.

Appellant brings this appeal from his convictions and sentences.

## I

■ Appellant first argues that the trial court plainly erred in entering a judgment of conviction for Count V, attempted robbery in the first degree, because the jury returned two inconsistent verdict forms for that count, one finding Appellant guilty and one finding Appellant not guilty.

The jury was given two separate verdict forms for Count V, one to use if they found Appellant guilty and the other to use if they found Appellant not guilty. The guilty form read as follows:

### VERDICT

As to Count V, we, the jury, find the defendant Aaron McNeal guilty of attempt to commit robbery in the first degree as submitted in Instruction No.____

We assess and declare the punishment for attempt to commit robbery in the first degree at _____

The not guilty form read as follows:

### VERDICT

As to Count V, we, the jury, find the defendant Aaron McNeal not guilty.

The verdict forms were identical to the Missouri Approved Instructions verdict forms for Class B felonies found at MAI–CR 3d 304.42. As required by the Notes on Use, each verdict form was on a separate sheet of paper. The verdict forms are confusing because the not guilty verdict form does not enumerate the crime, while the guilty form does.

In the case at bar, the jury returned inconsistent verdict forms for Count V. Appellant argues that the trial court erred in not returning the inconsistent forms to the jury for further deliberation. We disagree.

■ The trial court has a duty to see that the verdicts are in proper form. *State v. Dorsey,* 706 S.W.2d 478, 480 (Mo.App. E.D.1986). The court must examine the verdict for defects, inconsistencies, and ambiguities and failure to do so may result in reversible error. *Id.* However, the trial court can resolve inconsistencies or ambiguities by returning the jury to further deliberations or by polling the jury. *Id.* See also *State v. Peters* 855 S.W.2d 345, 349 (Mo.1993) (only jurors know what their intended verdicts are, and, because they are in the courtroom and available, the court should afford them the opportunity to correct the inconsistency); *State v. Zimmerman,* 941 S.W.2d 821, 825–26 (Mo.App. W.D.1997) (asking foreperson if verdicts were correct is insufficient where entire jury should have been polled to cure inconsistency).

In this case, the sheriff received the verdict forms from the jury and the clerk of the trial court read the verdicts into the record. The verdict form read by the clerk found Appellant guilty on Count V.[2] After the verdicts were read, the trial judge had a conversation off the record with the attorneys for the defense and the State. A few minutes later, at the trial court's request, the clerk polled the jurors individually, specifically asking each one if the verdicts that had just been read were his or her verdicts. Each juror responded affirmatively. We find that the trial court was not required to return the verdict forms to the jury for further deliberations because the trial court cured the defect in the verdict forms by polling the jury. Point denied.

**II**

■ Appellant next argues that the trial court erred when it overruled Appellant's objection to the hearsay statement of Kimberly Martin during the testimony of state witness Detective Thomas Rund. Specifically, Detective Rund testified about the conversation he had with Ms. Martin in which Ms. Martin told him she was looking for Appellant and that Appellant had gotten out of the

car at a gas station and had chased someone. We find that Martin's statements were not inadmissible hearsay.

■ Whether to admit or exclude evidence is a matter of trial court discretion. *State v. Chaney,* 967 S.W.2d 47, 55 (Mo. banc 1998); *State v. Campbell,* 965 S.W.2d 878, 881 (Mo.App. E.D.1998). The trial court is in the best position to weigh the probative value of the evidence against its prejudicial effect. *State v. Yates,* 925 S.W.2d 489, 491 (Mo.App. E.D.1996). On review we will not interfere with the trial court's ruling absent a clear abuse of discretion. *Id.*

■ "Hearsay evidence is testimony about a statement made by an out of court witness offered to show the truth of matters asserted, thus denying an opportunity for cross-examination to determine the credibility of the out-of-court statement." *State v. Day,* 970 S.W.2d 406, 410 (Mo.App. E.D. 1998). Generally, hearsay is objectionable because the one making the statement is not under oath or subject to cross-examination. *State v. Newson,* 898 S.W.2d 710, 716 (Mo. App. W.D.1995). Such testimony is admissible, however, if it explains subsequent police conduct and supplies background and continuity. *State v. McElroy,* 838 S.W.2d 43, 46 (Mo.App. E.D.1992).

Appellant relies on *State v. Kirkland,* 471 S.W.2d 191 (Mo.1971), for his argument that this hearsay testimony was inadmissible. In *Kirkland,* the Missouri Supreme Court determined that the hearsay statements made by a witness to a police officer were inadmissible because they were offered for the truth of the matter asserted. In that case, there was little evidence other than the hearsay statements to connect the defendant with the charged crime. This case is distinguishable. Sufficient evidence existed to convict Appellant of the crimes charged without Ms. Martin's statements. Significantly, both victims identified Appellant in a live line-up.

**2.** It is clear from the record that the clerk of the trial court did not receive the not guilty verdict form on Count V from the jury at that time. The clerk read the jury forms she received and only one form was read for Count V. It is not clear when or how the trial court received the second verdict form.

Ms. Martin's statement was not offered as proof, rather it was offered to explain the subsequent conduct of police in pursuing Appellant, whose identity was unknown prior to Ms. Martin's conversation with Detective Rund. We find that Ms. Martin's statement was therefore not inadmissible hearsay. Point II is denied.

We affirm the judgment convicting Appellant pursuant to Rule 30.25(b).

Presiding Judge JAMES R. DOWD and Judge LAWRENCE G. CRAHAN concur.