STATE of Missouri, Respondent,

v.

Sherman GRIFFIN, Appellant.

No. ED 76902.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 10, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE G. CRAHAN, Judge.

Appellant Sherman B. Griffin ("Defendant") appeals the judgment entered upon his conviction by a jury of robbery in the second degree. Defendant contends his constitutional right to be free from double jeopardy was violated when the trial court first accepted the jury's verdict of not guilty on count one of the information, robbery in the first degree, and then upon discovery of an error in the clerk's reading of the verdicts, refused to accept the verdicts, required the jury to further deliberate upon the matter, and ultimately accepted a verdict of guilty on count one of the information, robbery in the second degree. We affirm.

Defendant was charged by amended information, as a prior and persistent offender, with robbery in the first degree, section 569.020 RSMo 1994, and armed criminal action, section 571.015 RSMo 1994. When the jury returned from their initial deliberations, three completed verdict forms were presented to the clerk: *not guilty* as to count one, robbery in the first degree; *guilty* as to count one, robbery in the

second degree; and, not guilty as to count two, armed criminal action. The court clerk read the verdict forms finding Defendant not guilty as to count one, robbery in the first degree, and not guilty as to count two, armed criminal action, but failed to discover the third verdict form finding Defendant guilty of count one, robbery in the second degree. After the clerk read the two verdict forms aloud, the trial court accepted the verdicts and informed the jurors they were discharged unless they had any questions. At that point the foreperson advised the court that the court clerk had failed to read the verdict form submitted by the jury finding Defendant guilty of robbery in the second degree, a lesser included offense of count one of the information.

Upon discovery of the error, the trial court judge attempted to poll the jury individually as to the proper verdict. When the error could not be rectified through polling, the judge returned the jury to the jury room for further deliberations. The jury returned from the second deliberation and presented their verdicts to the trial court. Defendant was found guilty as to count one, robbery in the second degree, and not guilty as to count two, armed criminal action. The judge again polled the jury regarding their verdicts. Upon satisfaction that the jury was in agreement, the court accepted the verdicts and discharged the jury. Defendant was later sentenced to thirty years of imprisonment. Defendant's appeal followed.

■ Defendant's appeal presents solely questions of law which we review *de novo.* "Under Missouri law, the standard of review requires the reviewing court to defer to the trial court's factual findings and credibility determinations, but to examine questions of law *de novo.*" *State v. Werner*, 9 S.W.3d 590, 595 (Mo. banc 2000); *see State v. White*, 931 S.W.2d 825, 828 (Mo.App.1996) (appellate court reviewed trial court's denial of defendant's double jeopardy claim *de novo*).

■ In his sole point relied on, Defendant asserts that the trial court violated his right to be free from double jeopardy in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Sections 10 and 19 of the Missouri Constitution. Defendant contends jeopardy attached upon the trial court's acceptance of the jury's initial verdict of not guilty. Consequently, Defendant argues the trial court erred by rejecting the verdicts, returning the jury for further deliberations, and accepting the jury's subsequent verdict of guilty as to the charge of robbery in the second degree, thereby subjecting him to double jeopardy.

■ Precedent in Missouri does not support Defendant's position. Jeopardy does not attach when a court refuses to accept a jury's verdict. "An attempt by a jury to return a verdict that is not accepted by the trial judge is not a verdict. A verdict is not binding until the court accepts it and the jury is discharged." *State v. Peters*, 855 S.W.2d 345, 349–50 (Mo. banc 1993). Furthermore, "A trial court's refusal to accept an inconsistent verdict 'is not a situation which places a defendant in double jeopardy.'" *Id.* at 350 (quoting *State v. Lashley*, 667 S.W.2d 712, 715 (Mo. banc 1984)).

*State v. Zimmerman*, 941 S.W.2d 821 (Mo.App.1997), illustrates the absence of any double jeopardy violation in the instant appeal. In *Zimmerman*, the defendant was tried on charges of assault in the first degree and armed criminal action. *Id.* at 822. The charges were tried to a jury, with the jury ultimately instructed as to assault in the first degree, assault in the second degree, assault in the third degree, and armed criminal action. *Id.* The jury returned the verdicts and delivered the same to the court. *Id.* at 823. The verdict forms read by the court found the defendant not guilty of assault in *any* degree and not guilty of armed criminal action. *Id.* The court asked the jury foreperson if the verdicts were correct, and he responded that they were accurate. *Id.* After

accepting the verdicts and discharging the jury, the court discovered a third completed verdict form finding the defendant guilty of assault in the third degree. *Id.* The state appealed, claiming the trial court erred in accepting the not guilty verdict as to assault without returning the verdicts to the jury for further deliberations. *Id.* The appellate court reversed the trial court's judgment of acquittal as to the charge of assault and remanded for a new trial. *Id.* at 827. The court reasoned that the inconsistent verdicts returned by the jury could not be resolved because the jury had been discharged. *Id.* at 826. Furthermore, the court stated that the defendant's right to be free from double jeopardy would not be infringed by a second trial because no final verdict of acquittal resulted from the jury's inconsistent verdicts. *Id.*

Pertinent to Defendant's appeal is the discussion in *Zimmerman* regarding the proper procedures for a trial court to employ when presented with ambiguous or inconsistent verdicts. "A 'trial court has a duty to examine the verdict[s] returned by the jury for defects, inconsistencies and ambiguities.'" *Id.* at 824 (quoting *State v. Dorsey,* 706 S.W.2d 478, 480 (Mo.App. 1986)). Citing *State v. Peters,* 855 S.W.2d 345 (Mo. banc 1993), the court stated, "If the jury returns inconsistent verdicts, the trial court has a duty to resolve the inconsistency by instructing the jury to deliberate further." *Zimmerman,* 941 S.W.2d at 825; *see State v. McNeal,* 986 S.W.2d 176, 179 (Mo.App.1999) ("[T]he trial court can resolve inconsistencies or ambiguities [in the jury's verdict] by returning the jury to further deliberations or by polling the jury."). Further deliberations in *Zimmerman* were impossible because the jury had been discharged. Nevertheless, the court indicated that the trial court should have examined the verdicts for inconsistencies. Had the trial court done so and discovered such, the jury should have been returned for further deliberations. *Zimmerman,* 941 S.W.2d at 824–25.

In the present appeal, the trial court was first presented with three completed verdict forms finding Defendant not guilty of robbery in the first degree, not guilty of armed criminal action, and guilty of robbery in the second degree. The court clerk read and the trial judge received the first two verdicts. Then, *before* the jury was discharged, the jury foreperson informed the court of the court clerk's failure to read the verdict form finding Defendant guilty of robbery in the second degree. Following this revelation, the trial judge polled the jury as to the correct verdict. When the attempt to poll the jury did not resolve the inconsistency, the trial judge returned the jury to the jury room for further deliberations. Following these deliberations, the jury returned with their final verdicts: guilty of robbery in the second degree and not guilty of armed criminal action. The court accepted these verdicts and discharged the jury.

The trial court's refusal to accept the initial verdicts and return of the jury for further deliberations was a proper response and did not violate Defendant's constitutional right to be free from double jeopardy. First, the initial verdicts received by the trial court never became binding because the verdicts were rejected before the jury was discharged. *Peters,* 855 S.W.2d at 349–50. Thus, no final judgment of acquittal occurred before the jury returned to deliberate the proper verdicts.

Second, returning the jury for further deliberations was a proper response to the presentment of the initial verdicts. *Zimmerman,* 941 S.W.2d at 824–25. The jury returned what appeared to be inconsistent verdicts. When polling the jury failed to resolve the apparent inconsistency, the trial court returned the jury to the jury room to deliberate the proper verdict. This action was in complete accord with the case law examined above.

Third, no prejudice resulted to Defendant because after additional deliberations, the jury returned the same verdict originally presented to the court. It is clear

from the transcript that the initial verdict found Defendant guilty of robbery in the second degree and not guilty of armed criminal action. The jury returned identical verdicts after deliberations. Therefore, Defendant was not prejudiced.

Defendant relies on *Barnes v. State,* 9 S.W.3d· 646 (Mo.App.1999), in support of his proposition that jeopardy attached upon the trial court's acceptance of the jury's first verdicts. In *Barnes,* the defendant was tried on charges of first degree murder and armed criminal action. *Id.* at 647. At the close of the state's evidence, the defendant offered a motion for judgment of acquittal. *Id.* The trial court sustained defendant's motion as to the charge of first degree murder. *Id.* at 647–48. In addition, the trial court reserved the right to review further case law on the motion. *Id.* at 648. After further evidence was presented, the trial court denied the defendant's motion by crossing out "sustained" which had previously been written on the motion. *Id.* The defendant was subsequently convicted on both counts. *Id.* at 647. The defendant appealed contending that a final judgment of acquittal occurred when the trial court sustained the motion. *Id.* at 650. The appellate court agreed, holding the double jeopardy clauses of the United States and Missouri constitutions barred later prosecution after the trial court's final judgment of acquittal. *Id.* at 649–52.

Applied to the facts of the instant appeal, *Barnes* is of no aid to Defendant. As detailed above, a rejected verdict is not binding upon a trial court. Instead, a verdict is binding when it is accepted by the court and the jury is discharged. *State v. Peters,* 855 S.W.2d at 349–50. Here, the trial court rejected the initial verdicts before the jury was discharged. The trial court's judgment was not final until the second set of verdicts was accepted and the jury discharged. Unlike *Barnes,* Defendant was not subjected to a subsequent prosecution after a final judg-ment of acquittal. Point denied. Judgment affirmed.

GARY M. GAERTNER, P.J., and GEORGE W. DRAPER, III, J., concur.