**STATE of Missouri, Respondent,**

v.

**Aubrey YATES, Appellant.**

**Aubrey YATES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66507, 68481.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1996.

---

3. Father later revoked his consent.

4. We review father's points out of order for the sake of expediency.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for Respondent.

KAROHL, Judge.

On June 8, 1994, Aubrey Yates was jury tried, convicted and sentenced for unauthorized use of a weapon, carrying a concealed weapon, a class D felony. Sections 571.030.1(1) and 571.030.4 RSMo 1994. The court sentenced Yates as a prior and persistent offender to seven years imprisonment. Yates filed a pro se Rule 29.15 motion. Following an evidentiary hearing, the motion court denied Yates' motion for post conviction relief. We affirm the sentence and denial of Rule 29.15 relief.

The evidence presented at trial was as follows: On July 31, 1993, at approximately 9:00 p.m., Officer James Dandridge and Sergeant Jeffrey Kowalski were patrolling the area of Goodfellow and Maffitt in a marked police car when they identified a gunshot from a block away. Over objection, the officers testified that as they drove down Goodfellow to investigate, an unidentified black male ran from Kennerly and waved down the patrol car. He reported that a black male wearing a long sleeved blue shirt and khaki or tan pants was firing a gun in the air around the corner in the 5700 block of Kennerly.

When the officers turned onto Kennerly, they saw a man matching the description walking down the street. When they shined the high beam headlights of their car on the man later identified as Yates, he reached under his shirt, pulled a blue steel semiautomatic handgun from his pants waistband and

threw the gun on the porch roof of a nearby house. This is the evidence which supports the verdict.

Other evidence informed the jury of subsequent events. Officer Dandridge climbed on the roof and retrieved the gun while Sergeant Kowalski detained Yates. They arrested Yates for carrying a concealed weapon. After Miranda warnings were given, Yates told the officers he had purchased the gun on the street from a "dope fiend for two buttons of heroin" and that he was carrying the gun for his own protection. When Officer Dandridge inspected the gun, it had one bullet in the chamber and five in the magazine. Lab tests showed the gun to be fully operational.

Defendant argues on direct appeal that the trial court erred in allowing the police officers to testify that an unknown informant told them someone wearing a blue shirt and tan or khaki slacks was firing a gun in front of a house on Kennerly. He contends this evidence lacked relevance and probative value and constituted prejudicial hearsay because it was evidence against defendant of the uncharged crime of discharging a firearm. The State responds that this testimony was not evidence of uncharged "bad acts" in that firing a gun is not inherently a bad act. Furthermore, the testimony was presented to explain subsequent police conduct rather than to link defendant to the firing of the gun.

■ Whether evidence is relevant and whether the probative value of the evidence outweighs its prejudicial dangers are questions for a trial court to decide. *State v. Richardson*, 838 S.W.2d 122, 124 (Mo.App. E.D.1992). Generally, admission or exclusion of evidence is a matter of discretion. We will not interfere with such rulings in the absence of a clear abuse of that discretion. *State v. Crawford*, 914 S.W.2d 390, 392 (Mo.App. E.D.1996)(*citing State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App.1992)).

■ The contested testimony in this case was admissible. The state may introduce evidence of the circumstances surrounding the offense charged. *State v. Hamilton*, 892 S.W.2d 371, 377 (Mo.App. E.D.1995).

Testimony offered to explain conduct rather than prove the truth of the facts asserted is not inadmissible hearsay. *Id.*, at 378. The testimony of the officers' conversation with the informant was offered to explain why they approached Yates. Only after Yates pulled the pistol from underneath his shirt and threw it on the porch roof was he arrested for unlawful use of a weapon, carrying a concealed weapon. There was no testimony that Yates had fired the gun. In fact, Sergeant Kowalski testified that there was no evidence ever recovered that Yates was involved in the shooting. The statements in this case were part of the complete picture showing the sequence of events and circumstances surrounding the charge of unlawful use of a weapon where the specification was concealment of a pistol and the officers were eye-witnesses on concealment. There is no reasonable basis to support a conclusion the gun firing incident had any role in the decision of any juror. Point denied.

■ As his second point, in the alternative to the first point, defendant contends he was denied effective assistance of counsel because "his trial attorney failed to constitutionalize the above [first point on appeal] point in the Motion for New Trial." This point is without merit. First, the evidence was admissible; preservation of error was not possible. Second, review of claims of ineffective assistance of counsel is limited to a consideration of alleged errors which denied an appellant a fair trial. *State v. Baker*, 850 S.W.2d 944, 950 (Mo.App. E.D.1993). Therefore, a claim that counsel failed to adequately preserve an issue for an appeal is not, by itself, cognizable for an appeal under Rule 29.15. *Id.* Point denied.

We affirm the sentence and denial of Rule 29.15 relief.

REINHARD, P.J., and GRIMM, J., concur.