**STATE of Missouri, Respondent,**

v.

**Randal FEARS, Appellant.**

No. 70290.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 14, 1997.

Application to Transfer Denied
June 17, 1997.

Richard H. Sindel, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRAHAN, P.J., and GRIMM and HOFF, JJ.

PER CURIAM.

*ORDER*

Defendant appeals the judgment entered upon his conviction of one count of murder in the first degree, two counts of armed criminal action, and one count of robbery in the first degree, in violation of §§ 565.020, 571.015, 569.020, RSMo 1994, respectively. Defendant was sentenced to a term of life imprisonment without parole on the murder count and three consecutive terms of life imprisonment on the remaining counts. On appeal, Defendant claims the trial court erred in: (1) overruling his challenge of the State's peremptory strikes pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); (2) excluding certain demonstrative evidence and expert testimony; (3) making allegedly improper remarks in the presence of the jury; (4) excluding certain expert psychiatric testimony at the suppression hearing and at trial; and (5) making inadequate findings of fact and conclusions of law in ruling on his motions to suppress.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. Specifically, we find that the trial court's rulings on Defendant's *Batson* objections were not clearly erroneous. *State v. Griffin,* 756 S.W.2d 475, 482 (Mo. banc 1988), *cert. denied* 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1989). Based on the information before the court at the time of its rulings, the excluded evidence was cumulative, properly excludable as a discovery sanction pursuant to Rule 25.05 or, in the case of the proffered psychiatric testimony, irrelevant. The trial court's findings of fact are sufficient to permit appellate review. We further find that an extended opinion would serve no jurisprudential purpose. The judgment is affirmed in accordance with Rule 30.25(b).