**Randall FEARS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74104.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 1999.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

Before PAUL J. SIMON, P.J., and KATHIANNE KNAUP CRANE and LAWRENCE E. MOONEY, JJ.

### MEMORANDUM DECISION

PER CURIAM.

Movant Randall Fears appeals from the judgment denying his Rule 29.15 motion for post-conviction relief. A jury convicted Movant of first degree murder, first degree robbery and two counts of armed criminal action, in violation of sections 565.020, 569.020, 571.015, RSMo 1994. Movant was sentenced to life imprisonment without parole for murder and three consecutive terms of life imprisonment for the other counts. His conviction and sentence were affirmed on direct appeal in *State v. Fears,* 945 S.W.2d 511 (Mo.App. E.D.1997). Movant filed a subsequent Rule 29.15 motion, which the motion court denied without a hearing.

In this appeal, Movant argues the motion court erred in denying his 29.15 motion because his counsel was ineffective for failing to make specific Constitutional citations in his motion for new trial, limiting his appellate review of those issues. Movant's point is wholly without merit. Review of claims of ineffective assistance of counsel are limited to considering whether the alleged errors deprived the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 685–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *Kirk v. State,* 778 S.W.2d 661, 662 (Mo.App. E.D.1989). Therefore, Movant's claim that his counsel failed to adequately preserve an issue for appellate review is not cognizable under Rule 29.15. *State v. Yates,* 925 S.W.2d 489, 491 (Mo.App. E.D.1996). Indeed, Movant concedes that case law appears to preclude his point, but fails to even attempt to distinguish his facts or ask the law be revisited. Point denied.

Any further discussion of these issues would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).