Carrie Anne BROOKS, Appellant,

v.

STATE of Missouri, Respondent.

No. 27722.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 26, 2006.

Irene Karns, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Carrie Anne Brooks ("Movant") appeals from the motion court's denial of her Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence brought pursuant to Rule 29.15.[1] Movant was convicted by a jury of the class D felony of Endangering the Welfare of a Child in the First Degree, a violation of section 568.045, and the class C felony of Abuse of a Child, a violation of section 568.060.[2] It was the judgment and sentence of the trial court that Movant serve four years in the Missouri Department of Corrections for Endangering the Welfare of a Child and seven years for Abuse of a Child with the sentences to run consecutively.[3] Following the filing of her Rule 29.15 motion, the motion court denied relief. Movant now raises one point on appeal in which she asserts her trial counsel was ineffective for failing to make an offer of proof and preserve an issue for appeal. We affirm the judgment of the motion court.

The record reveals Movant was a stay-at-home mother who also cared for several other children in her home during the day. One of the children she cared for was a two-month-old boy named Nathan Spellmeyer ("Nathan"). On the morning of March 4, 2003, Nathan's mother dropped him off with Movant at 6:45 a.m. At around 10:00 a.m. Movant discovered that Nathan, who had been in a baby swing, was "slumped over" and "limp, lethargic." Movant phoned her sister and then the two women called for an ambulance. After arriving at the hospital, where it was determined Nathan was suffering from an acute and subdural hematoma, swelling of the brain, complex skull fractures and hemorrhaging in his retinas, Nathan was flown by helicopter to the University of Missouri for an emergency craniotomy. Since the aforementioned injuries are commonly associated with "shaken baby syndrome" and a physical examination of Nathan revealed the injuries had occurred less than twelve hours before he was admitted to the hospital, Movant was interviewed by police and later charged with causing Nathan's injuries. As previously related, she was ultimately convicted by a jury of the class D felony of Endangering the Welfare of a Child in the first degree and the class C felony of abuse of a child.

In her sole point on appeal, Movant maintains the motion court erred in denying her motion for post-conviction relief because her trial counsel was ineffective for failing to make an offer of proof. Specifically, she maintains her counsel was ineffective in failing to make an offer of proof relating to the testimony of Dr. Edward Friedlander ("Dr. Friedlander"), whose testimony was excluded by the trial court. Movant maintains Dr. Friedlander, who performed a CT scan on Nathan in June of 2003 several months after his hospitalization, would have testified that the CT scan "showed a trauma consistent with child abuse occurring after [Movant] no longer had access to [the child], which would have inferentially supported [Movant's] defense that someone else inflicted the injuries which manifested after Nathan

---

**1.** Unless otherwise specified, all rule references are to Missouri Court Rules (2006) and all statutory references are to RSMo 2000.

**2.** We note Movant was found not guilty of the class A felony of Assault in the First Degree, section 565.050.

**3.** Movant's judgment and sentence were upheld on direct appeal to this Court in a memorandum opinion issued on September 29, 2005.

was brought to her house on March 4, 2003." Movant asserts that "[h]ad [her] counsel made the offer of proof, there is a reasonable probability that this Court would have found the ruling to be prejudicial error and reversed."

Appellate review of a motion court's ruling on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law issued in support thereof are clearly erroneous. Rule 29.15(k); *see Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *State v. Taylor*, 944 S.W.2d 925, 938 (Mo. banc 1997).

In order for a Rule 29.15 movant to be entitled to an evidentiary hearing the movant must satisfy "three requirements: (1) the movant must plead facts, not conclusions, which, if true, would warrant relief; (2) the facts pled must not be refuted by the record; and (3) the movant must have been prejudiced." *Kuehne v. State*, 107 S.W.3d 285, 292 (Mo.App.2003).

> When the basis for relief is ineffective assistance of counsel, the movant is entitled to an evidentiary hearing if the movant 'alleges facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced.

*Id.* (quoting *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997)).

Here, Movant's sole claim is that her trial counsel failed to make an offer of proof regarding the testimony of Dr. Friedlander which affected her ability to maintain her appeal. However, "post conviction relief for ineffective assistance of counsel is limited to errors which prejudiced the movant by denying him a fair trial." *Kirk v. State*, 778 S.W.2d 661, 662 (Mo.App.1989); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). "Therefore, a claim that counsel failed to adequately preserve an issue for an appeal is not, by itself, cognizable for an appeal under Rule 29.15." *State v. Yates*, 925 S.W.2d 489, 491 (Mo.App.1996); *see also Fears v. State*, 991 S.W.2d 190 (Mo.App. 1999) (holding that "Movant's claim that his counsel failed to adequately preserve an issue for appellate review is not cognizable under Rule 29.15"); *State v. Baker*, 850 S.W.2d 944, 950 (Mo.App.1993); *State v. Grice*, 914 S.W.2d 360, 370 (Mo.App. 1995); *State v. Lay*, 896 S.W.2d 693, 702 (Mo.App.1995); and *State v. Loazia*, 829 S.W.2d 558, 569 (Mo.App.1992). Point denied.

The judgment of the motion court is affirmed.

GARRISON and LYNCH, JJ., concur.